## BOHANNAN v. JENNINGS.

No. 1257.   Opinion Filed January 9, 1912.

(121 Pac. 195.)

REPLEVIN—Bond—Possession of Property.   Where property is held by a party under bond in a replevin action, conditioned on the redelivery of the specific property, in the event he should not prevail in the action, such property is to be considered in custodia legis, the same as if the actual possession were with the officer.

(Syllabus by the Court.)

*Error from District Court, Cleveland County;*
*R. McMillan, Judge.*

Action by John L. Bohannan against L. M. Jennings. Judgment for defendant, and plaintiff brings error. Affirmed.

*New & Jackson,* for plaintiff in error.

*Williams & Williams* and *J. D. Lydick,* for defendant in error.

KANE, J.   This was an action in replevin, the property involved being a span of mules.   It seems that prior to the commencement of this action Jennings, the defendant in error, commenced a replevin action for the same property against one Thompson, giving a replevin bond, and securing possession of the same.   In that case Jennings claimed to be the owner of the property and entitled to its possession.   While that action was pending the plaintiff in error herein commenced a second action in replevin against Jennings, claiming to be entitled to possession of the property by virtue of the terms of a certain chattel mortgage upon said mules, wherein said Thompson was mortgagor, and the plaintiff was mortgagee.   We have not information as to the present status of the first replevin action, but the second one resulted in a verdict and judgment in favor of the defendant, Jennings, defendant in error here, to reverse which this proceeding in error was commenced.

The second action of replevin cannot be maintained, because·
at the time it was commenced the property involved was *in cus-
todia legis.* *Farmers' State Bank of Arkansas City, Kan., v.
Stephenson et al.,* 23 Okla. 695, 102 Pac. 992; *McKinney v. Pur-
cell,* 28 Kan. 446. In the former case it was held:

"Where property is held by a party under bond in a replevin
action, conditioned on the redelivery of the specific property, in
the event he should not prevail in the action, such property is to
be considered *in custodia legis,* the same as if the actual possession
was with the officer."

The latter case is to the same effect.

The judgment of the court below must be affirmed.

All the Justices concur.