## SCOTT v. PITTMAN *et al.*

No. 2753.   Opinion Filed May 20, 1913.

(132 Pac. 491. )

1. **APPEAL AND ERROR—Judgment—Evidence.** Where the evidence reasonably supports a judgment, it will not be disturbed.

2. **EXECUTORS AND ADMINISTRATORS—Action by Administrator—Costs—Persons Liable.** Where an administrator brings a suit at the procurement of another person, who is made a defendant in the suit, for the benefit of such other person and not for the benefit of the estate, and fails in the action, the costs should be taxed against the person who procured the suit to be brought, though he is nominally a defendant.

(Syllabus by Rosser, C.)

*Error from District Court, Garfield County;*
*Dan Huett, Judge Pro Tem.*

Action by Hugh A. Scott, as administrator, etc., against Albert Pittman and others. From judgment for defendants, plaintiff brings error. Modified and affirmed.

*McKeever & Walker,* for plaintiff in error..
*Parker & Simons,* for defendants in error.

Opinion by ROSSER, C. This was an action by Hugh Scott against Albert A. Pittman, Mrs. Charles Pittman, Wilford Pittman, Charles Pittman, Mayme Pittman, Fannie Pittman, and Bernice Helen Pittman. All of the defendants except Albert A. Pittman and Mrs. Charles Pittman, are the children of Charles Pittman, deceased, who was a brother of Albert A. Pittman, and a son of the deceased, Maria L. Pittman. The action was one to quiet title to a certain tract of land near Waukomis, in Garfield county. The land in controversy belonged to Wilford Pittman, father of the defendant Albert A. Pittman and of Charles Pittman, the deceased brother, and after Wilford Pittman's death some sort of an agreement with reference to the division of his property was made between Albert A. Pittman, Charles Pittman, now deceased, and Maria L. Pittman, their mother. During the negotiations a certain deed was prepared and signed by Albert A. Pittman and his wife, and by Charles Pittman, but was not signed by Mrs. Charles Pittman. The question presented and argued here is whether or not the land vested in the mother, Maria L. Pittman, in fee simple.

The evidence is clear and is conclusive that the deed was never completed or delivered. The form in which it was drawn indicates that it was to be signed by all four parties named in it as grantors—that is, by Albert A. Pittman and Charles Pittman and their wives—and was to be acknowledged. It was not signed by all four. It was not dated and was not acknowledged. The evidence of the notary who expected to take the acknowledgments shows conclusively that it was never completed. No completed contract between the parties vesting the title to the land in the mother was proven. Part performance sufficient to dispense with the necessity for a deed to vest the title in her was not pleaded. The evidence shows that the two brothers, Albert A. and Charles Pittman, talked of dividing the personal property and leaving the mother in possession of the place during her lifetime. Whether this occurred before or after the preparation of the uncompleted deed is not clear from the evidence.

The evidence reasonably supports the findings of the court and jury. It appears from the evidence that the real plaintiff in this case is Albert A. Pittman. The suit was brought for his benefit, and not for the benefit of the estate. He was executor of his mother's will, but procured the plaintiff to be appointed administrator with the will annexed. Her will gave the land to him. The administrator took no part in the proceedings, knew nothing of the evidence or the real controversy between the parties, and was acting merely to enable Albert A. Pittman to bring an action in his name. When these facts appeared, the court should have dismissed the case upon his own motion. As between the administrator, Scott, and the defendant Albert A. Pittman, the suit was a conclusive one and should have been dismissed by the court upon that ground. The estate in this case should not be permitted to share the expenses of the litigation.

The judgment of the lower court should be modified so as to tax the costs against the defendant Albert A. Pittman in that court, and they should also be taxed against him here, and the judgment should be otherwise affirmed.

By the Court: It is so ordered.