MANN v. RIDENHOUR *et al.*

No. 4472. Opinion Filed May 18, 1915.

(149 Pac. 124.)

1. REPLEVIN—Petition—Affidavit—Commencement of Action. In an action in replevin, wherein an affidavit in replevin was filed, but no separate petition, and the affidavit contains all the essential allegations of a petition, the affidavit should be treated as both an affidavit in replevin and petition, and the filing of the same and the issuance of a summons therein constitutes the commencement of an action.

2. REPLEVIN—Action Against Officer—Variance. Where property belonging to one party is seized by the sheriff under a writ running against another party, the claimant of the property may maintain a replevin action against the officer in his individual name or against him in his official capacity, and there is no fatal variance if, when he is proceeded against in his individual name, the evidence proves that he acted in his official capacity, under process from a court, in making the seizure.

(Syllabus by Mathews,' C.)

*Error from County Court, Craig County;*

*S. F. Parks, Judge.*

Replevin by D. W. Mann against H. E. Ridenhour and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

*William T. Rye* and *Clyde McGary,* for plaintiff in error.

*Seymour Riddle, Albert D. Bennett* and *Chas. B. Mitchell,* for defendant in error.

MATHEWS, C. 1. This is an action in replevin brought in the county court of Craig county by the plaintiff in error

against the defendants in error for the recovery of certain personal property, said action having been commenced by filing an affidavit in replevin, and at the same time a replevin bond was given and approved and a replevin summons issued and service of the same accepted by H. E. Ridenhour, as sheriff of Craig county. The defendants filed a general denial to plaintiff's action, and afterwards defendant Ridenhour filed a supplemental answer, wherein he alleged that he held possession of the property in controversy as sheriff by virtue of an order of attachment issued in a certain action wherein R. A. Wilson was plaintiff and J. E. Mann and wife defendants, and that a decree had been rendered therein adjudging said property in controversy to be the property of the said J. E. Mann and ordering that he sell the same to satisfy the judgment against the said J. E. Mann. So it appears that, while this replevin action is maintained against the said H. E. Ridenhour, the sheriff, and G. W. Brown, a deputy sheriff, yet the real party in interest was the said R. A. Wilson.

On the commencement of the trial, defendants objected to the introduction of any testimony for the reason that no petition had been filed in the case, and therefore no suit had been commenced, and the court by reason thereof had no jurisdiction, which objection was overruled and exceptions taken. At the close of plaintiff's testimony, defendants demurred to the same and again assign this as one of the reasons why his demurrer should be sustained. The court sustained the demurrer upon another phase of the case and impliedly overruled the demurrer on this point. The defendants in error make no attempt to answer the assignment of errors complained of by plaintiff in error in an able and comprehensive brief, but confines their brief to a presentation of the proposition that no action was ever commenced in the county court because the plaintiff had never filed any petition and for that reason the court had no jurisdiction.

This exact question was presented and passed upon in a well-considered opinion by Judge Hayes in the case of *Scott v. Vulcan Iron Works Co.*, 31 Okla. 334, 122 Pac. 186. While the decision was based upon a proceeding begun in the Indian Territory before statehood under the Arkansas statute in force there, yet it appears that the law as to the commencement of an action was identical with ours. The same question was involved in that case as in the one under consideration here, and the reason there given applies with equal force here.

A just procedure will not permit one litigant to lure the other into a trial, and then trap him by raising a point there for the first time which in all fairness should have been raised by motion or demurrer before the trial commenced. In the case at bar, the defendant filed his answer and there denied every allegation in "plaintiff's petition." As he then treated the affidavit in replevin as a petition also, he had no equitable standing when he afterwards urged that no petition had been filed. It is true that ordinarily a petition and an affidavit in replevin are both filed in a replevin action and is much the better practice, yet we see no good reason why both cannot be combined into one, especcially where no objection is raised thereto until after the trial has commenced, and for the reasons stated in the case of *Scott v. Vulcan Iron Works Co., supra*, we hold that the ruling of the court in the instant case was correct.

2. Plaintiff has set out several assignments of error, but all are covered by the one assigning as error the sustaining of defendant's demurrer to plaintiff's evidence. At the close of plaintiff's evidence the defendants demurred as follows:

"Comes now the defendant and demurs to the evidence of the plaintiff for the reason that he has sued H. E. Ridenhour and George A. Brown as individuals, and the testimony of plaintiff's witnesses and of the plaintiff himself has shown that the said defendants were acting in their official capacities."

Thereupon the court made the following ruling:

"The demurrer will be sustained for the reason that the testimony discloses that whatever was done by the defendants was done by them in their official capacity and not in the capacity of a private individual in which capacity they are sued."

Plaintiff then asks leave of the court to amend the pleadings to make the pleadings conform with the testimony, to which request defendants interposed the objection that such an amendment would involve the introduction of a new and radically different cause of action, which objection the court sustained and refused to permit the amendment.

It will be unnecessary to discuss the evidence produced by plaintiff, as there is no controversy but that, if accepted as true, it amply sustains his case.

In sustaining defendant's demurrer to plaintiff's evidence, the court committed reversible error. It is true the evidence introduced shows that defendants are sheriff and deputy, respectively, of Craig county, and as such officers attached the property in controversy; but the process under which they acted did not run against the plaintiff herein, but, to the contrary, shows that the attachment was had under process running against J. E. Mann and wife, and that under that attachment process the defendant officers seized property which plaintiff contends belonged to him, and it has been repeatedly held by this court in several cases that, where an officer seizes property wrongfully under process not running against the claimant of the property, the claimant owner may maintain an action against the officer wrongfully seizing the property, either in his individual capacity or in his capacity as an officer.

The case of *Burchett v. Purdy*, 2 Okla. 391, 37 Pac. 1053, is comprehensive and fully decides the point in issue, giving an

ample reason for the ruling, and we quote therefrom as follows:

"The evidence shows that prior to instituting this action the defendant below, B. W. Burchett, entered the place of business of plaintiff below, M. S. Purdy, and took therefrom, without authority of law, the goods and chattels in controversy in this action. The evidence all shows that the goods seized were the individual property of Purdy, but they were taken by plaintiff in error over the protest of defendant in error as the property of one R. T. Lee, under an execution issued against the property of said Lee, and in which Purdy was in no wise interested. The record shows that this action was brought against B. W. Burchett in his individual capacity, and not as a sheriff of Kingfisher county. And the evidence discloses, as above stated, that the levy was made under and by virtue of the execution against Lee. This is claimed by plaintiff in error, as a fatal variance and assigned as his first ground for reversal of the court below. We cannot assent to this doctrine.

"When a person wrongfully detains property, it is immaterial in what capacity he assumes to hold it. The person from whom property is wrongfully taken is not required in law to know, and cannot always ascertain, by what authority the person wrongfully taking it assumes to have acted. The important point is the wrongful taking or detention, and by whom detained, and not the capacity in which the person detaining the property is acting. It is clearly proper to bring an action in replevin against a defendant in his individual capacity, even when he intends to act in another capacity. If the defendant is acting as agent, sheriff, or otherwise, it is a matter in defense to be pleaded and proved as any other fact. The plaintiff cannot always tell certainly by what right one interfering with his possession claims to act, and the only safe way is to make the person interfering with his right of possession defendant, and let him plead his agency, or official character, as a defense, if he is not acting for himself. Cobbey on Replevin, 228; *Berghoff v. McDonald,* 87 Ind. 549; *Rose v. Cash,* 58 Ind. 278."

In the case of *Irwin v. Walling,* 4 Okla. 128, 44 Pac. 219, we find:

"Neither do we consider the allegations contained in the third paragraph of the answer, stricken out on motion, as material. In addition to the general denial contained in said paragraph, it is set forth that defendant is sued as an individual for the commission of an act done as an officer. This allegation was, upon motion, properly held immaterial. In replevin the action runs against the party in possession, and, if an officer wrongfully seizes property to satisfy an execution, he may be sued either as an individual or as an officer." *Gross v. Bogard*, 18 Kan. 288; *Reiley v. Haynes*, 38 Kan. 259, 16 Pac. 440, 5 Am. St. Rep. 737; 34 Cyc. 1376.

The court should have overruled defendants' demurrer and have permitted plaintiff to amend his pleadings by filing a petition separate from his affidavit in replevin.

For the reasons stated, the judgment of the trial court will be reversed and remanded, with costs to defendants.

By the Court: It is so ordered.