**ALEXANDER v. ALEXANDER et al.**

No. 8172—Opinion Filed Jan. 16, 1917.

Rehearing Denied April 10, 1917.

(164 Pac. 114.)

**1. Replevin—Right of Action.**

Where property is held by an individual under a bond given in judicial proceedings for the redelivery of the specific property, it is to be deemed in custodia legis, the same as if it had continued in the hands of the officer, and any one claiming such property as owner, except the person against whom the writ runs, may assert his rights to the property by an action of replevin.

### 2. Same—Defense—Holding Property Under Bond.

Where the property of one person is seized by the sheriff under a writ running against another, and a third party executes a re-delivery bond and obtains possession of the property, it is no defense to the action of replevin instituted by the owner against the person in possession that he is holding the property under such bond.

(Syllabus by Galbraith, C.)

Error from District Court, Tillman County; T. P. Clay, Assigned Judge.

Action by Loula M. Alexander against Dee Alexander and J. W. Alexander. Judgment for plaintiff, and defendant Dee Alexander brings error. Affirmed.

Mounts & Davis, for plaintiff in error.

O. H. Searcy and Geo. A. Ahern, for defendant in error Loula M. Alexander.

Opinion by GALBRAITH, C. The defendant in error Loula M. Alexander commenced this action in the trial court to recover the possession of one Overland automobile. A jury was waived and the case tried to the court on an agreed statement of facts, from which it appears that the First National Bank of Commerce of Frederick, Okla., commenced an action in the district court of Tillman county, in debt, against J. W. Alexander, and filed an affidavit and bond for attachment in that case, and caused a writ of attachment to issue, directed to the sheriff of Kiowa county, and was there executed by seizing the automobile in controversy as the property of J. W. Alexander, then and there in the possession of Dee Alexander. The attachment was executed on the 19th day of February, 1915, and on the 16th day of April following Dee Alexander executed a redelivery bond to the sheriff of Kiowa county, under section 4821, Rev. Laws 1910, and the automobile was turned over to him and he retained possession of it until the commencement of this action. The agreed statement of facts further recites:

"That the defendant Dee Alexander, is now asserting no title to said property, but is simply claiming right to hold possession of said auto in order to be able to comply with the terms of said redelivery bond. That the case in National Bank of Commerce v. J. W. Alexander, wherein said auto was attached, is still pending, and the attachment order issued therein, levying upon said auto, has never been quashed or discharged. And defendant Dee Alexander is claiming that re-plevying suit herein cannot be maintained against him at this time, for the reason that he is holding said auto by virtue of said redelivery bond, and that therefore same is now in the custody of law, and that the

plaintiff herein has no right to take said auto away from him by virtue of said replev-ying action. And it is further agreed that the automobile in question is valued at the sum of $800, and that the defendant Dee Alexander is not disputing or denying plaintiff's ownership in said property. And it is further agreed that, in case said Dee Alexander is not entitled to hold and retain possession of the said auto under the attach-ment proceedings and redelivery bond as given to the sheriff of Kiowa county on the 16th day of April, 1915, as far as he is concerned, plaintiff herein would be entitled to recover possession of the auto in question. And it is further agreed that J. W. Alexander admitted that the auto in question belongs to plaintiff."

The trial court found in favor of the plaintiff and awarded her the possession of the automobile, or judgment for its agreed value in the sum of $800. From that judgment the defendant Dee Alexander alone appeals.

The only question presented by the assignments of error, as stated by the plaintiff in error's brief, is as follows:

"Did the defendant in error Loula M. Alexander have the right to deprive the plaintiff in error of the possession and ownership of the automobile by replevin proceedings while the plaintiff was holding the same under a redelivery bond in an attachment suit as provided under the Revised Laws of Oklahoma of 1910, ch. 60, art. 9, sec. 4821, p. 1275?"

It will be observed that the property was attached as the property of J. W. Alexander, and it is agreed that he did not claim to be the owner of it, and also that Dee Alexander makes no claim to the ownership of the automobile, but simply asserts that because he gave a redelivery bond in the attachment suit against J. W. Alexander, and obtained possession of the automobile by reason of that bond, the property is in custodia legis, and he cannot be deprived of its possession by this action of replevin. There is no denial that the automobile belonged to Loula M. Alexander. The claim is that because the property was seized while held by Dee Alexander under the redelivery bond, she cannot assert her title to it while that suit is pending. The plaintiff cites in support of his contention McKinney v. Pur-cell, 28 Kan. 446, and our own decisions of Bohannan v. Jennings, 31 Okla. 254, 121 Pac. 195, and Grossman Co. v. White, 52 Okla. 117, 152 Pac. 816. It will be observed that our own cases above cited announce the rule as follows:

"Where property is held by a party under bond in a replevin action, conditioned on the redelivery of the specific property, in the event he should not prevail in the action,

such property is to be considered in custodia legis, the same as if the actual possession were with the officer"

—and that they do not hold that the rightful owner of personal property cannot assert his title and right to the possession although it be in custodia legis.

The same rule is announced by the Supreme Court of Kansas in McKinney v. Purcell, supra, but the facts of that case show that the rule there announced is not applicable to the facts in the instant case. In that case the wholesale merchant, McKinney, and associates sold merchandise on credit to the retail dealer, Campbell, who sold the goods to Purcell, and as a part of the consideration for the sale Purcell agreed, in writing, to pay the balance due the wholesale dealer for the goods. One Woods, a creditor of Campbell's, sued him and attached the goods. Purcell replevied the goods from the sheriff, giving a replevin bond, and the goods were returned to him, and he was proceeding to sell them at retail when the wholesale dealer sued Campbell and Purcell for the purchase price and caused the goods to be attached. Purcell moved the court to discharge the attachment on the grounds that the goods were in custodia legis, inasmuch as he was holding them under the replevin bond when the attachment was levied upon them. This motion was sustained by the trial court, and approved on appeal by the Supreme Court. The reasons for the holding of the court as set out in the opinion are as follows:

"The principle upon which the district court discharged the property from the attachment is this: That where goods are replevied pending the action of replevin, they are deemed to be in custodia legis, and not subject to seizure or any other process. While by giving a replevin bond the plaintiff obtains possession of the goods, this does not change the fact that they are still the subject of litigation, and by legal fiction still to be deemed in the possession of the law. If the replevin action be determined adversely to the plaintiff, he has the right to return the very goods replevied, and the defendant has the corresponding right to enforce such return. It is true the judgment in replevin actions ordinarily runs in the alternative to guard against an inability to make or compel a delivery of the property; but still the action of replevin is in its nature an action to determine and enforce the rightful possession of specific property, and while that action is pending, the law should not permit the seizure, under execution or attachment of that property in such manner as to prevent the full enforcement of the judgment in the replevin action."

Further in support of this distinction the court says in the opinion:

"In the first case, the property was seized upon the claim that the sale from Campbell to Purcell was fraudulent, and therefore void as to creditors. In the second action, the same property was seized upon the claim that the sale was valid and that Purcell, having obtained possession of the property under such valid sale and upon a promise to pay the debts of Campbell, was now fraudulently seeking to repudiate such obligation. In other words, if both actions are maintainable, and both orders of attachment are to be upheld, the same property is to be twice seized in payment of debts contracted originally by the same party."

It has not been held, so far as we are advised, either by the Kansas or our own courts, that the rule under consideration prevents the owner of goods and chattels seized under process issued in an action to which he is not a party, and to satisfy the debt of a third person, from asserting his right and claim to the property, notwithstanding it may be in custodia legis. The application of the rule seems to prevent creditors from asserting claim to property in litigation in an independent action while preserving this right to the owner.

In Gross v. Bogard et al., 18 Kan. 288, the Kansas Supreme Court upheld the right of a person whose property had been unlawfully seized in attachment suit against another, to maintain an action in replevin against the sheriff holding the same, and in part said:

"And so far as appears from the testimony offered, his property was, without the slightest pretext or excuse, seized and held by the officer in a proceeding to which he was not a party, and in which he could claim no benefit of the plaintiff's undertaking as a protection against injury. While he might have been made a party to that action, yet it could have been done only upon leave of the court (Gen. Stat. 637, sec. 42), and the property itself might have been gotten out of the way long before this order could have been obtained, while stipulations between the parties might have settled the judgment to be entered, and released the sureties on the bond. But turning to the statute, and it seems to us that the same rule there obtains, in case of property taken under a writ of replevin, as when taken under execution. The party against whom the writ runs cannot litigate its validity in an action of replevin, but a third party may assert his right to the property in the possession of the officer."

In Mann v. Ridenhour, 46 Okla. 565, 149 Pac. 124, the same limitation in the application of the rule is recognized, and it is specifically held that where the property of one is seized by the sheriff under a writ directed against the property of another, the party claiming the property may maintain replevin against the sheriff to recover pos-

session of it.' See, also Francis, Sheriff, et al. v. Guaranty State Bank of Texola, 44 Okla. 446, 145 Pac. 324, to the same effect.

Taylor v. Smith, 44 Okla. 403, 144 Pac. 1028, was an action in replevin instituted by Taylor against the sheriff, who it was charged had seized and unlawfully held certain personal property that was exempt to him under the law, by virtue of an execution issued upon a personal judgment for debt against him. The trial court sustained a demurrer to the petition on the ground that it appeared therefrom that the property was in custodia legis in another action, where relief might be had by motion to discharge the execution. He stood upon his demurrer and appealed. This court reversed the trial court on the ground that it erred in sustaining the demurrer. It may be true that the court in the above decision extended the application of the rule beyond that prescribed in the cases above considered, inasmuch as it sustained the right of the claimant for property to maintain an action of replevin to recover it, even though held under a writ issued in another action to which he was a party. In any event this decision sustains the right to maintain the action of replevin in the instant case.

It is no answer to the conclusion of the trial court to say that Dee Alexander may have to perform the obligation of his bond, and be compelled to pay the value of the automobile, since he cannot return it, if adjudged to do so in the attachment proceedings against J. W. Alexander. He was not a party to that action, and was not required to execute that bond. He was a volunteer, he "butted" in to that lawsuit. If he should be compelled to perform this obligation, which he voluntarily assumed, he alone is responsible for his misfortune. His protection can afford, in justice, no justification for refusing the lawful owner of the automobile the right to protect her property and prevent it being taken in satisfaction of the debt of another. Nor can it be sufficient reason why she cannot assert her right to possession of her property in this replevin action, notwithstanding a mere volunteer holds possession of it by reason of having given a forthcoming bond, conditioned to hold it subject to the result of another action to which she was not a party.

Wherefore the judgment appealed from should be affirmed.

By the Court: It is so ordered.