**WILSON MOTOR CO. v. DUNN et al.**

No. 18117.    Opinion Filed Feb. 14, 1928.

(Syllabus.)

1. **Pleading—Form of Pleadings and Amendments—Statutes.**

Under sections 284 and 285, C. O. S. 1921,

considerable discretion is allowed the trial court as to the time of filing pleadings, and section 286, C. O. S. 1921, as to the form of pleadings, is liberally construed.

**2. Same—Replevin—Defenses Under General Denial.**

Under a general denial in replevin, the defendant may make any defense which will defeat the plaintiff's claim or right to possession as against the defendant, and under the Code, great liberality is allowed to such defenses.

**3. Chattel Mortgages—Right of Mortgagee to Take Possession of Property—Illegal Methods.**

Although a chattel mortgage provides that the mortgagee, under certain conditions, may take possession of the mortgaged property, yet neither the mortgagee, its assignee, nor their agents have the right to take possession of the property by force, threats, violence, or stealth, and without the consent of the mortgagor. The law will not permit a mortgagee to commit or threaten a breach of the peace and then to justify the conduct by a trial of the rights of property.

**4. Liens—Lien Extinguished by Conversion of Property by Holder of Lien.**

Under section 7423, C. O. S. 1921, a person holding a lien on personal property extinguishes the lien by wrongfully converting said property to his own use.

**5. Trover and Conversion—Definition of Conversion.**

Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial or inconsistent with his rights.

**6. Same—Time of Conversion in Replevin Action Immaterial.**

The time of conversion is immaterial in a replevin action in respect as to whether it occurred prior or subsequent to commencement of the action.

**7. Replevin—Property Held under Redelivery Bond in Custodia Legis.**

Where property is held by a party under bond in a replevin action, conditioned for the redelivery of the specific property, in the event he should not pervail in the action, such property is to be considered in custodia legis, the same as if the actual possession was with the officer.

**8. Chattel Mortgages—Conversion of Property by Mortgagee—Remedy of Pledgee in Action of Replevin by Mortgagor.**

Conversion existing by the act of mortgagee of mortgaged property pledged by mortgagor to a third party and the lien for the mortgage being thereby existinguished, the pledgee as defendant in a replevin action brought by mortgagee is entitled to set up the conversion and recover judgment for return of the property, or in lieu thereof his interest to the extent of his lien by reason of the pledge and damages (including attorney fees).

**9. Replevin—Nature of Action—Settlement of Conflicting Claims in One Action—Pleadings.**

An action in replevin is primarily a suit for possession of personal property. The gist of the action of replevin is plaintiff's right to immediate possession of the personal property in controversy, at the commencement of the action, by reason of ownership or special interest therein, but by reason of section 323, C. O. S. 1921, it is the policy of the law to settle in one action all the conflicting claims of the parties to the possession of the property in controversy, and where facts have arisen since the commencement of the action and before judgment which would vary the relief to which plaintiff or defendant would have been entitled at the commencement of the action, such facts may be alleged in amended petition, answer, or cross-petition.

**10. Same—Intervention and not Second Action the Remedy of Third Party Where Property in Custodia Legis.**

A second action of replevin cannot be maintained by a third party to recover property held under a bond in a replevin action, because the property involved is considered in custodia legis and the remedy is by intervention.

**11. Case Overruled.**

First National Bank v. Kreuzberg, 75 Okla. 97, 181 Pac. 717, overruled.

Error from District Court, Caddo County; Will Linn, Judge.

Action by the Pierce Arrow Finance Corporation in replevin, against Jack Dunn et al.; Wilson Motor Company, intervener. Defendant Dunn, by cross-petition, alleged conversion by plaintiff and intervener of the property in controversy in his possession by reason of a redelivery bond and by reason of an alleged pledge to him by mortgagor. The court sustained defendant's demurrer to the testimony of the intervener, and rendered judgment for defendants Dunn and Shaffer, and intervener brings error. Affirmed.

E. D. Brewer, for plaintiff in error.

Morris, Johnson & Wilhite, for defendants in error.

RILEY, J. This cause of action was instituted in replevin in the district court of

Caddo county on November 2, 1925, by the Pierce Arrow Finance Corporation, for the recovery of a Pierce Arrow automobile alleged to have been purchased by H. L. Cokes. The petition avers that Cokes executed and delivered to the Pierce Arrow Finance Corporation two mortgage contracts, dated August 14, 1925, in the sum of $5,538; that the property so mortgaged was taken into Tulsa county by Cokes and the mortgage contracts were in said Tulsa county duly recorded; that the said mortgages provided acceleration clauses; that Cokes on September 22, 1925, made default in payment according to the terms of the mortgages and at that date $5,000 was due, and by reason of said lien and special ownership plaintiff was entitled to possession of the property. There was a prayer for special damages in the sum of $2,500 and attorney fees of $900, and possession of the property, or in lieu thereof the value, to wit, $5,000. The car was taken in replevin from the immediate possession of C. P. Warner, Manfred & Wallace, a partnership, doing business in Anadarko, under the name of Yellow Front Garage. Jack Dunn, defendant in error, caused a redelivery bond to be given and retained possession of the car.

There was filed an answer in the form of a general denial.

On March 1, 1926, a dismissal by Pierce Arrow Finance Corporation was filed. On March 6th, the defendant Warner & Manfred filed their application to try title to property, setting out their answer, and further alleging that on February 27, 1926, the plaintiff, through its agents, took possession of the car. On May 3, 1926, plaintiff, by order, was permitted to withdraw its dismissal. On the same date Wilson Motor Company, a corporation, was allowed to intervene, and it alleged that on February 1, 1926 (since the commencement of the action), the plaintiff had charged back to it, as original mortgagee and indorser, the mortgages and notes involved, and thereby it had acquired plaintiff's interest in the car and was so entitled to recover. It prayed for punitive damages in the sum of $10,000. William Shaffer and Jack Dunn were made parties defendant, and thereafter Warner & Wallace, as well as Shaffer, for their answers, adopted that of Dunn, whose answer and cross-petition, after denial of allegations in the petition and intervening petition and admission that Cokes was the owner of the car and allegation that he continued to be such owner even after

August 14, 1925, averred that on October 17, 1925, Cokes brought the car to Anadarko and on the 18th or 19th of that month Cokes borrowed from Dunn $2,800, and pledged the car to secure payment thereof under agreement to pay said amount within 15 days from date, and the car by Dunn was placed in the garage (of Warner, Manfred & Wallace) to be held in storage for defendant. There was recited the commencement of the action in replevin and the affidavit of replevining therein filed by L. D. Reymendant, agent of plaintiff, and an amended affidavit of replevining subscribed and sworn to on December 23, 1925, by M. Bristow, plaintiff's attorney. Further alleging an inquiry by defendant on November 2, 1925, concerning the interest of intervener Wilson Motor Company and information thereby obtained as to no interest claimed and the giving of a redelivery bond and the retention of possession until February 26, 1926, when defendant borrowed from William Shaffer the sum of $2,500 and delivered into the custody of William Shaffer the possession of the car to hold jointly with defendant as security; that defendant had actual possession of said car until February 27, 1926, when plaintiff and intervener, by and through Reymendant and Brewer, agents, by force and violence broke open the building containing the car and unlawfully stole and carried away the same and then converted the same to plaintiff's and intervener's own use and benefit. Defendant prayed estoppel as against the alleged wrongdoers from claiming any interest in the property. By way of cross-petition, after adopting the allegations of his answer, defendant set up that he had insured the car at an expense of $100. and storage expense of $20, and attorney fee of $500, and his lien by virtue of the pledge agreement in the sum of $2,800, and prayed that his lien be foreclosed and that $2,500 be applied, after the expense set out, to payment of the interest of William Shaffer and the remainder to the interest of defendant and that defendant be decreed to have a first lien. Replies denying were filed. The plaintiff and intervener moved for continuance on account of absence of a material witness, Cokes. And it was agreed in order to go to trial that if present he would testify that there was no consideration for the pledge to Dunn, and that said automobile was taken from him by force of arms, and that defendants had notice of the execution of the lien and mortgage of plaintiff. After the issues were fully made up and the jury empaneled, orally, the plaintiff and intervener demurred

to the cross-petition and moved to strike allegations of conversion from it. The demurrer and motion was overruled by the court upon objection on the ground that the issues were fully made up theretofore.

At the conclusion of plaintiff's testimony, defendant demurred thereto, and the court sustained it. Upon the conclusion of intervener's and defendants' testimony, defendants moved the court for a directed verdict for possession of the property, and in lieu thereof the value of the same, which the court treated as a demurrer to the testimony, and the court stated (C. -M. p. 39:

"The court finds that the Wilson Motor Company, on the 27th day of February, 1926, acting through its agents, taking possession of said automoblie while the same was in custodia legis in the suit pending between the Pierce Arrow Finance Corp. v. H. L. Cokes et al. * * * Taking possession of said automobile while the same was in custodia legis in this case, without permission of the court and without taking the same under any order of replevin or other order of the court and moving the same to the county of Tulsa, there advertising and selling the same under a mortgage foreclosure, bidding the same in at said sale and subsequently has resold the car, thus constituting a conversion of the property and extinguishing its lien thereon. * * * The same being taken from the garage of one Wm. Shaffer, without his knowledge and consent. * * *

"The motion for a directed verdict will be overruled and the court on its own motion will sustain a demurrer to the evidence. * * *"

Whereupon the attorney for intervener requested the court to make findings of fact upon which to base the ruling on the demurrer, which was accordingly done, substantially as theretofore stated in the record by the court, with the addition:

"The court further finds on the said 27th day of February, 1926, that the Wilson Motor Company was not a party to this suit and that the Wilson Motor Company, on the 27th day of February, and on this date, was and is the owner of the mortgage upon which this lawsuit is founded."

Judgment was rendered in the sum of $2,800, with interest at six per cent. from October 20, 1925, in favor of Jack Dunn and William Shaffer and against intervener, Wilson Motor Company, and plaintiff, Pierce Arrow Finance Corporation, and for attorney fees in the sum of $250, from which the intervener appeals.

It is contended that the court erred in overruling the demurrer of the plaintiff and the intervener to the cross-petition of defendants. There are many reasons supporting the court's ruling.

1. The demurrer was not filed in time, under section 284, C. O. S. 1921. It was not subscribed by the party or its attorney, as required by section 286, C. O. S. 1921. Considerable discretion is allowed the trial court in considering such pleadings as to time under section 285, C. O. S. 1921 (Long v. Harris, 37 Okla. 471, 132 Pac. 473), and as to the form of the pleading required by statute (Long v. Shepherd, 35 Okla. 489, 130 Pac. 131, and Brown v. State, 9 Okla. Cr. 382, 132 Pac. 359) ; and upon being presented the oral demurrer was overruled, or, in other words, rejected.

2. In replevin a general denial admits of any facts which will defeat plaintiff's right of recovery. See dissenting opinion in Mutual Refining Co. v. Union Refining Co., 124 Okla. 286, 255 Pac. 1015, as to cases therein cited. Also Payne v. McCormack H. M. Co., 11 Okla. 318, 66 Pac. 287; Williams v. Gibson, 60 Okla. 147, 159 Pac. 649 ; Thompson v. Grove, 72 Okla. 290, 180 Pac. 553. So, then, if as contended the cross-petition had failed to state that any money was due and unpaid, owing from Cokes to Dunn under the pledge at the date of commencement of the action, even then, by reason of the well-established exception in replevin actions to the general rule, the general denial contained in the answer—repeated in the cross-petition—would admit of any defense in so far as the defense to the action of replevin is concerned—yet it may be said the cross-petition is based upon an action in conversion, peculiarly triable with the replevin action by reason solely of the statute. There some diffculty arises by reason of the liberality of statutory pleading.

The allegations of the answer are adopted in the cross-petition (bearing in mind that the contention is based upon the omission of an allegation on nonpayment. 9 Cyc. 730; 21 R. C. L. 119 ; Bates Pleading & Practice 231. There is the allegation "that this defendant, by virtue of said pledge and assignment, has a lien upon said car for the sum of $2,800, * * * and is entitled to have his said lien foreclosed. * * *" The allegations further are that on October 18, 1925, Cokes pledged the car to defendant to hold 15 days—the time fixed for payment. The action being commenced on November 2nd, the debt was not due at that time, but defendant was holding the car for security and not by reason of breach of promise to

pay the debt. At least, then, as to defense of a replevin action, defending the right of possession, the demurrer could not be sustained, as plaintiffs must recover, if at all, upon the strength of their own title.

The contention must be lost.

Proposition 2 is that the court erred in sustaining the demurrer of defendants to the evidence of plaintiff and intervener.

In reply to appellant's contention it is urged that the trial court rendered judgment upon the merits and not upon a demurrer to the evidence; that the jury was discharged without protest and that when the court was considering the demurrer to the evidence, counsel for appellant requested the court to make findings of fact and that appellant thereby waived his right to a trial by jury and that the finding of fact rendered by the court was upon the whole evidence, and therefore the cause was placed upon the plane of actions in law tried to the court without the intervention of the jury, and there being competent evidence reasonably tending to support the court's findings, the judgment must be affirmed; citing Porter v. Wilson, 39 Okla. 500, 135 Pac. 732; Lowrance v. Henry et al, 75 Okla. 250, 182 Pac. 489; Merchant's Transfer & Storage Co. v. Ft. Smith C. & B. Co., 105 Okla. 195, 232 Pac. 79; Luster v. First Nat. Bank, 111 Okla. 168, 239 Pac. 128; Smith v. Burlingham (Kan.) 24 Pac. 947.

We cannot agree with this reasoning, for the reason that the request for a finding of fact was limited to "findings of fact on which to base the demurrer of the defendants". We cannot construe such request as an intention on appellant's part to invite the court to weigh the evidence. When the demurrer was sustained, the judgment was in the offing. The appellant expressed its desire to know the court's theory and the undisputed facts in evidence supporting that theory upon which the court acted upon the demurrer. The eminent trial judge accommodated counsel. We see no waiver of rights, and find that the cases cited are not applicable to the facts here.

The plaintiff filed no motion for new trial and did not appeal. The judgment is, therefore, conclusive as to the plaintiff.

As to the intervener, Wilson Motor Company, we shall consider the undisputed evidence.

On October 17, 1925, Cokes, owner of the car, took the same to Caddo county, and there it was placed in the custody of Dunn, and there it remained until February 27, 1926, when it was surreptitiously removed by intervener—notwithstanding that from November 2, 1925, intervener knew the said property was in custodia legis. Defendants claimed a lien on the car by reason of an alleged pledge, and whether that pledge was bona fide or fraudulent, the same was in process of litigation.

While it is true the affidavit for continuance as to what Cokes would testify was admitted and that to the effect that there was no consideration for the pledge and that the car was taken with actual knowledge of intervener's lien, and in addition C. W. Palmer testified that Dunn had confessed to him that the car was taken from Cokes by force in payment of a gambling debt, yet this testimony tended to establish the fraudulent character of the pledge, the matter pending when the car was so taken by agents of intervener. There was evidence in the record tending to disprove those facts. There was testimony as to the bona fides of the pledge. There was evidence of an estoppel; that upon inquiry at the time of making the pledge the plaintiff had telegraphed and confirmed by letter that it had not purchased the Cokes notes submitted because they did not conform to requirements, as well as inquiry and resulting information concerning the absence of interest claimed by intervener. These were disputed facts upon which the merits of the action in replevin were pending in court at the time of the conversion of the property in custodia legis by plaintiff and intervener.

It is well established that plaintiff in a replevin action must recover upon the strength of his own title and not upon the weakness of his adversary's.

The car was taken to Caddo county, October 17, 1925, by the owner. The mortgage was not filed in Caddo county, yet 120 days, as provided by section 7651, C. O. S. 1921, had not expired when Dunn secured the car under his alleged pledge. Arnold v. Wittie, 99 Okla. 236, 227 Pac. 132; First Nat. Bank v. Guess, 72 Okla. 125, 179 Pac. 29.

We shall consider, then, under the rule on demurrer to the evidence, all facts in dispute favorable to the demurrant as withdrawn. We must admit that defendants would have lost the decision in replevin at that point (on demurrer), but for the act of the intervener in conversion. The law is that it cannot prevail. We now

turn to that point and examine the cases thereon.

This brings us under the third and last assignment of error, that the judgment of the trial court is contrary to law. We shall consider only that the judgment was based upon the fact of a conversion, and determine whether such finding is within the issues of this replevin case. Appellant says that the only issue in this replevin case is the right of the plaintiff to possession of the property at the commencement of the suit. Intervener does not claim that it was entitled to possession on that date, but that intervener, as successor to plaintiff's rights under reassignment of the mortgage after the commencement of the action, was entitled to recover.

Intervener claims the right to take the property under the terms of its mortgage, notwithstanding it was in custodia legis, because, it says, it was not a party to the pending action on February 27, 1926, when it took the car. That its right to possession was superior to the then litigants. Such an absurd contention could only prevail where might was right and where utter contempt was in vogue of all law, courts, and orderly procedure. The case cited, Alexander v. Alexander, 65 Okla. 105, 164 Pac. 114, does not support the theory or act in this case of intervener, for there was considered an assertion of interest by a third party in chattels held in custodia legis in an orderly, recognized, and legal manner, by process of court as distinguished from asserting such interest by force or stealth.

Are the issues in a replevin action, under our statutory practice, limited to the right of the parties to possession of the property at the commencement of the action?

First Nat. Bank v. Kreuzberg, 75 Okla. 97, 118 Pac. 717, so holds:

"The gist of replevin is the plaintiff's right to immediate possession of the personal property in controversy at the commencement of the action, by reason of his being the owner, or having a special interest therein. Tulsa Rig, Reel & Mfg. Co. v. Arnold, 64 Okla. 160, 166 Pac. 135. This is the issue * * * in the case at bar and this issue should have been submitted to the jury.

"The question of whether mortgaged property had been disposed of by the mortgagee pending determination of the suit was not an issue in the case and had no place either in the pleading or the evidence

unless incidentally to ascertain the value of the property."

Appellant relies upon Firebaugh v. Gonther, 106 Okla. 131, 233 Pac. 460, but that case does not support them, for there mortgaged property was taken from the executor by a deputy sheriff without due process and over the protest of the person in charge. This court approved an instruction on the question of conversion and sustained a verdict and judgment of exemplary damages based upon the wrongful taking of the property, and cited Ray v. Navarre, 47 Okla. 438, 147 Pac. 1019, which case is most adverse to appellant. Therein the mortgagor replevied the property seized by the mortgagee (or his assignee) at a time when it was not in custodia legis, but by force. This court said, relative to the theory that by the terms of the mortgage the mortgagee could by force take it, "Moreover, if we assume that the defendants were the owners of the note and mortgage at the time they made the seizure, still they were not at liberty to compel the performance of its terms by force, * * *" and cited Murphy v. Virgin, 47 Neb. 692, 66 N. W. 652, and Jones on Chattel Mortgages (4th Ed. p. 705):

"A man has no right to resort to robbery to collect his claims."

"To obtain possession under such a show and pretense of authority is to trifle with obedience of citizens to the law and its officers."

Therein conversion was set up as a ground for exemplary damages and the verdict rendered thereon was sustained, and that in a replevin action. Further, it was therein held that there was evidence to establish a conversion and that "subsequent purchase of the mortgage and note could not serve as a justification for their former wrongful acts."

Assuming again that intervener at the time the action in replevin was commenced by plaintiff possessed a lien by reason of a valid mortgage on the property, with default in payments thereunder existing, it committed a conversion by stealth, if not by force (with colore officii for use in case of need, for the chief of police was with them), prior to its intervention and extinguished its lien by reason of section 7423, C. O. S. 1921, which is as follows:

"The sale of any property on which there is a lien is satisfaction of the claim secured thereby, or, in case of personal property, its wrongful conversion by the person

holding the lien extinguishes the lien thereon."

Again reverting to the case of First Nat. Bank v. Krenzberg, supra, wherein it was held that the question as to whether the mortgaged property had been disposed of by the mortgagee pending suit was not an issue in the replevin action unless incidentally as to value of the property. We observe that holding is contrary to Firebaugh v. Gunther and Ray v. Navarre, supra, unless it be distinguished by reason of the time of the conversion relative to whether it occurred before or after the commencement of the action. Such distinction seems without reason, and as far as we have ascertained without the support of authorities. That opinion (First Nat. Bk. v. Kreuzberg) is distinguished from Chadwell v. Brown, 88 Okla. 44, 211 Pac. 410. In the latter case, it was said:

"Conversion is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein."

In the latter case this court held that "Chadwell, at the time of the institution of the replevin action, had wrongfully converted the property and waived their lien and that plaintiffs were entitled to possession of the property on said date." It was the view of the court there expressed:

"In other words, after obtaining possession of the property, the mortgagee had a right under the mortgage to foreclose and sell the property, and was not guilty of conversion."

And the view there expressed was that if after obtaining possession of the property and after the giving of a redelivery bond the mortgagees had proceeded to foreclose their lien according to law, that fact would not have been an issue in the replevin action.

That view therein expressed presupposes two things: (1) The obtaining of possession by rightful methods, not by force, stealth, or colore officii; (2) that the conversion occurs after the commencement of the action.

The latter case, in our judgment, reached the right conclusion, but we believe (supposition 2, above) the time of conversion of the property has nothing to do with the availability as an issue of conversion in a replevin case, and, further, that First Nat. Bank v. Kreuzberg, supra, is contrary to the Oklahoma cases both prior and subsequent and should be expressly overruled, and it is so overruled.

In Farmers State Bank v. Stephenson, 23 Okla. 695, 102 Pac. 992, Mr. Justice Williams, speaking for the court, said:

"Said property being in custodia legis, the plaintiff in error selling the same under the powers of the chattel mortgage prior to the final determination of the replevin action, and said action never having been finally determined in favor of plaintiff, such sale was thereby invalid, and the alleged credit on said note of the proceeds thereof was without authority and not thereafter validated." Citing the rule in Kansas (McKinney v. Purcell, 28 Kan. 446; Sherburne v. Strawn, 52 Kan. 40, 34 Pac. 405); Missouri, Massachusetts, California, Alabama; Coffey on Replevin, and Shinn on Replevin.

In Mid-Continent Motor Co. v. Harris Transfer Co., 97 Okla. 139, 223 Pac. 130, where the mortgagee replevied the property and sold it pending the action, it was held:

"The sale of the property pending the suit while in custodia legis, by the plaintiff, constitutes conversion and does not bind defendant, and on the final trial of the cause the defendant is entitled to prove the reasonable market value of the property at the time of the sale and recover same should the plaintiff fail, and in the event plaintiff prevails, defendant is entitled to credit for such sum as the reasonable market value of the property is proven to be."

Appellant says that case is authority that such a sale does not extinguish the mortgage lien. We do not think so. We think the lien was extinguished by conversion—the debt was not destroyed as an obligation between mortgagor and mortgagee. In the case at bar there was no existing debt between Dunn and plaintiff or intervener. The debt may yet be owing pro tanto from Cokes. With that we are not concerned. Herein the lien was destroyed by conversion.

In Salisbury v. First Nat. Bk., 99 Okla. 138, 221 Pac. 444, this court reiterated its rule.

In Scott v. Stanridge, 117 Okla. 111, 245 Pac. 591, the mortgagee replevied the property and pending the action sold the same under the mortgage, and this court said:

"The sale of property pending the suit, while in custodia legis by the plaintiff, constitutes conversion and does not bind the defendant."

In Haltom v. Nichols & Shepard Co., 64 Okla. 184, 166 Pac. 745, it was held a conversion of mortgaged property worked a destruction of the mortgage lien, and that

under section 4795, R. L. 1910 (sec. 323, C. O. S. 1921), conversion as a fact occurring after commencement of an action in replevin might be brought to the attention of the court and urged as a defense just as it was held in Wade v. Gould, 8 Okla. 690, 59 Pac. 11, in replevin for four cows, and after issue was joined, plaintiff was permitted to file a supplemental petition seeking the recovery of six calves claimed to be the increase of the cows originally sought.

Great latitude is allowed in actions of replevin. The gist in the action is the right of the plaintiff to possession of the property at the commencement of the action, but if the title or rights of the parties to the property change pendente lite, the judgment should adjust the equities between them. McFadyn v. Masters, 11 Okla. 16, 66 Pac. 284; Broyles v. McInteer, 29 Okla. 767, 120 Pac. 283; Stone v. Am. Nat. Bk., 24 Okla. 786, 127 Pac. 393; Bottoms v. Clark, 38 Okla. 243, 132 Pac. 904; Brown v. Chowning, 59 Okla. 278, 159 Pac. 323.

Here the intervener stands in the position of the plaintiff as successor to plaintiff's rights under their own theory. By its act the conversion occurred. The lien was extinguished—it no longer had any special interest in the property which entitled it to possession thereof. There was no contractual relation or obligations existing between Dunn, who took the property as a pledge from the mortgagor, and the mortgagee (plaintiff or intervener). There being no debt existing between them, surely then Dunn was entitled to a return of the property so wrongfully taken, or in lieu of a return thereof the value of the interest of the one rightfully entitled to possession.

In our statement heretofore made relative to Alexander v. Alexander, supra, where we in effect said a superior interest could be asserted by replevin, lest we be misunderstood, notwithstanding there this court held she, Louisa M. Alexander, could replevin the property notwithstanding it was in custodia legis under a forthcoming bond given in attachment under authority of Taylor v. Smith, 44 Okla. 403, 144 Pac. 1028; Francis v. Bank, 44 Okla. 446, 145 Pac. 324; Mann v. Ridenour, 46 Okla. 565, 149 Pac. 124.

Yet when applied to a replevin action a different rule applies. A third person cannot maintain an action in replevin against one holding under a pending action in replevin—the party is left to remedy by intervention. Bohannon v. Jennings, 31 Okla. 254, 121 Pac. 195; Noble Bros. v. Ballew, 59 Okla. 90, 150 Pac. 906.

The judgment, therefore, must be affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER and HUNT, JJ., concur.

Note.—See under (1) 31 Cyc. pp. 79, 597. (2) 34 Cyc. p. 1495. (3) 11 C. J. p. 590, §284; 5 R. C. L. p. 449. (4) 11 C. J. p. 673, §440. (5) 38 Cyc. p. 2005; 26 R. C. L. p. 1098; 4 R. C. L. Supp. p. 1697; 5 R. C. L. Supp. p. 1440; 6 R. C. L. Supp. p. 1584. (6) 38 Cyc. p. 2032. (7) 34 Cyc. p. 1459. (8) 34 Cyc. p. 1559. (9) 34 Cyc. pp. 1354, 1490, 1517. (10) 34 Cyc. p. 1426. (11) 11 C. J. p. 613, §320.