## OKLAHOMA STATE BANK OF ADA et al. v. READING.

No. 24324.　March 10, 1936.

King & Delaney, for plaintiffs in error.

Miley, Hoffman, Williams, France, & Johnson, for defendant in error.

PER CURIAM. Suit in replevin by defendant in error, as plaintiff, against the plaintiffs in error to recover possession of certain certificates of stock of which plaintiff alleged she was the owner and entitled to immediate possession. The answer was a general denial, and alleged that the certificate of stock was not the property of the plaintiff, but was the property of Vera E. Cole, and was being held by the defendant Liberty National Bank pursuant to an order of garnishment issued to said bank under judgment against the said Vera E. Cole in the district court of Pontotoc county in favor of the defendant Oklahoma State Bank, and pursuant to an order of said · district court pending further hearing thereon; that said cause was still pending in the district court of Pontotoc county, and that said court had jurisdiction to try title to said stock certificate, and that the district court of Oklahoma county had no jurisdiction to try said title.

A jury was waived and the cause tried to the court. There was a general finding for the plaintiff that she was the sole owner of the certificate of stock and for delivery thereof to her or the payment to her of its value, which was found. Defendants have appealed.

In their brief defendants' first proposition is:

"That the property in controversy at the

time of the pending of this action was in custodia legis."

And they seem to assume that the property, being in custodia legis, is not subject to an action of replevin by a stranger to that litigation claiming to be the owner thereof. Plaintiff concedes that the property was in custodia legis, but asserts that this does not prevent the owner, not a party to the litigation, from bringing replevin and recovering possession of the property. Plaintiff states her position in this proposition:

"Where the property of one is seized by garnishment, attachment, execution or other process against another, the owner may maintain replevin to recover its possession."

In support of this proposition she cites the following authorities: Burchett v. Purdy, 2 Okla. 391, 37 P. 1053; McIver v. Williamson-Halsell-Frasier Co., 19 Okla. 454, 92 P. 170; Mann v. Ridenhour, 46 Okla. 565, 149 P. 124; Alexander v. Alexander, 65 Okla. 105, 164 P. 114; 23 R. C. L. 879; section 783, O. S. 1931; Westenberger v. Wheaton, 8 Kan. 169; Gross v. Bogard, 18 Kan. 288; Reiley v. Haynes, 38 Kan. 259, 16 P. 440.

We have read these authorities and they sustain this proposition.

We, therefore, hold that the plaintiff could maintain this action in replevin notwithstanding the property was held by one of the defendants in garnishment.

Defendants' second proposition is as follows:

"That the property sought to be recovered by this action was the joint property of Emma J. Reading and Vera E. Cole and was not subject to replevin in the name of Emma J. Reading without joining as a party plaintiff the other said owner, Vera E. Cole."

It is alleged in plaintiff's petition that the certificate of stock was "* * * inscribed in the name of Emma J. Reading and Vera E. Cole as joint tenants, with the right of survivorship and not as tenants in common."

The defendants argue that by reason of this fact title to the certificate was vested in Emma J. Reading and Vera E. Cole jointly, and neither one nor the other separately can maintain an action for the recovery of said certificate without both being joined as parties plaintiff. The argument is very ably presented and numerous authorities are cited and quoted from. The plaintiff insists, however, that she alleged and proved and the court found that she was the sole owner of said stock certificate, and that for this reason the argument is not valid in this

case. We think the argument is inapplicable for another reason. If it were true that Vera E. Cole was a necessary party plaintiff, then there was a defect of parties plaintiff and this defect appeared on the face of the petition. This, under section 201, O. S. 1931, subd. 4, is ground for demurrer, and under section 203, O. S. 1931, objection to this defect must be taken by demurrer or answer, and if not so taken it is waived. There was no demurrer leveled at the petition, nor was the defect of parties pleaded in the answer.

We hold, therefore, that the defect was waived and that the lower court therefore committed no error in permitting the plaintiff to maintain her suit.

Defendants' third proposition is as follows:

"That the property sought to be recovered in this action, being a certificate of stock in a corporation issued in the names of Emma J. Reading and Vera E. Cole as joint tenants, the legal title thereof being in said joint tenants, that the transfer of the stock from Vera E. Cole to Emma J. Reading was void as against attaching creditors unless the same had been assigned, delivered and a record made thereof on the books of the corporation."

No assignment of any interest in this stock certificate was pleaded or relied upon by the plaintiff; the evidence does not show any such assignment. We are unable, therefore, to see where this proposition has any bearing upon the case.

Defendants' fourth proposition is:

"That the judgment and order of the court is not sustained by the evidence and is not sustained by the law."

The defendants do not point out in what particular the evidence fails to sustain the finding and judgment of the court. We have read the record and are of the opinion that the evidence abundantly sustains the finding, judgment, and order, and are of the opinion that the judgment should be affirmed.

The Supreme Court acknowledges the aid of Attorneys James T. Shipman, Donald Prentice, and R. H. Hudson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Shipman and approved by Mr. Prentice and Mr. Hudson, the cause was assigned to a Justice of this court for

examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and WELCH, PHELPS, and CORN, JJ., concur.