**RADCLIFF FINANCE COMPANY, a Corporation, Plaintiff in Error,**

**v.**

**Richard McCOMAS, Defendant in Error. Bill Richardson, Intervener.**

**No. 36527.**

Supreme Court of Oklahoma.

May 10, 1955.

A. J. Moore, Oklahoma City, Wayne E. Wheeling, Oklahoma City, of counsel, for plaintiff in error.

Priest, Belisle & Fauss, Oklahoma City, for defendant in error.

Hanson, Green & Moran, Oklahoma City, for intervener.

BLACKBIRD, Justice.

This is an action in replevin brought by Radcliff Finance Company against Richard

McComas to recover a Mercury Club Coupe, 1951 model. Richard McComas filed an answer and cross-petition. Bill Richardson intervened to protect his warranty in the sale of the property to Richard McComas. Judgment was for defendant McComas on his answer and cross-petition, and plaintiff appeals.

The record discloses that on December 11, 1951, W. I. Jones, doing business as City Car Market at Houston, Texas, sold the automobile to Ralph Arnold for a consideration of $2,000, and a transfer of another automobile. The purchaser took the car to the State of Georgia and on April 2, 1952, obtained a Georgia license. He sold the automobile to the Peno-Robinson Motor Company at Fort Smith, Arkansas, which company in turn sold it to Bill Richardson of Oklahoma City, the intervener in this action. On August 16, 1952, Richard McComas bought the automobile from Richardson. On the 18th day of March, 1953, plaintiff commenced this action and by writ of replevin secured possession of the automobile the same day. No redelivery bond having been executed, plaintiff took the automobile to Houston, Texas, and on April 4, 1953, sold it to Pete Bertrand.

Plaintiff claimed a mortgage on the automobile executed by the City Car Market. It introduced in evidence Exhibit 8 which is an affidavit furnished by the State Highway Department of the State of Texas. This exhibit was signed by J. K. Urick as secretary for the "Radcliff Finance Corporation", and stated that affiant had repossessed the automobile, describing it and listing a lien dated November 30, 1951, against City Car Market of Houston, Texas, for $2,000, which mortgage lien was shown to be in the name of "Radcliff Finance Corporation." It gave the date of repossession as March 21, 1953. It was dated April 4, 1953, the same date of the sale of the automobile to Pete Bertrand.

It was stipulated that on December 11, 1951, the City Car Market was the legal owner of the automobile and sold the same to Ralph Arnold, and that the note and mortgage given for the purchase of the car totaling the amount of $2,016 was assigned to plaintiff. The plaintiff did not rely upon the mortgage executed by Ralph Arnold at the time he purchased the car. It was stipulated that Richard McComas purchased the automobile from Bill Richardson without any knowledge of the claim of plaintiff. The trial court entered judgment, a part of which is as follows:

"The court having fully considered the evidence and argument of counsel, and being fully advised in the premises, finds that plaintiff has failed to sustain the allegations of its petitions as amended and is not entitled to prevail in this action and that pending the action while subject car was in custodia legis plaintiff took said car to the State of Texas and wrongfully disposed of same on or about the 4th day of April, 1953, and that said car cannot now be returned to defendant; that the reasonable market value of said car at the time this action was commenced and thereafter, on the 4th day of April, 1953, being the date said car was wrongfully disposed of by plaintiff, was Two Thousand Dollars ($2,000.-00) for which amount defendant is entitled to judgment against the plaintiff.

"That defendant has sustained additional damages by being wrongfully deprived of the use of said car in the amount of One Hundred Dollars ($100.00); that defendant is also entitled to reasonable attorneys' fees in the amount of Two Hundred and Fifty Dollars ($250.00)."

Plaintiff first argues that by reason of its mortgage evidenced by exhibit 8 above referred to, it had a lien under the laws of Texas. It cites New v. Malone, 199 Okl. 639, 189 P.2d 177, 182, wherein plaintiff sold a car to B. L. Franklin, taking a note and mortgage which was assigned with full recourse to G. D. Foster. Malone bought the car from D. C. Speed. Plaintiff had the mortgage reassigned and brought action against Malone. That case would be in point if it were alleged that plaintiff held the chattel mortgage under the certificate of

838

title issued to Ralph Arnold. In New **v.** Malone, supra, it is stated:

"In the instant case, the plaintiff proved complete compliance with the applicable laws of the State of Texas. Said laws pleaded and proved, so far as motor vehicles are concerned, provide a complete, comprehensive, and exclusive method of filing or registering and preservation of a chattel mortgage lien on such vehicles. Under that Act, so far as motor vehicles are concerned, the law does not require the mortgage to be registered in the office of the county clerk and also shown on the certificate of title. The law does require the latter and also requires that a copy of the certificate of title be delivered or mailed to the first lienholder so that he may know that his lien is shown on the certificate of title obtained by any subsequent purchaser and so that such subsequent purchaser may know or have notice of the lien. Without that, the subsequent purchaser cannot obtain any title."

█ We are of the opinion and hold that plaintiff failed to establish a lien under the laws of Texas for the reason that there was no showing that a valid certificate of title was issued which showed the lien of the plaintiff. A mere statement in the affidavit referred to above is not proof necessary to establish the lien.

█ The finding of the trial court that there has been a conversion by the sale of the automobile on the 4th day of April, 1953, prior to a determination of the action and while the automobile was in custodia legis, must be sustained. Farmers' State Bank v. Stephenson, 23 Okl. 695, 102 P. 992; Mid-Continent Motor Securities Co. of Tulsa v. Art Harris Transfer & Storage Co. of Muskogee, 97 Okl. 139, 223 P. 130; Wilson Motor Co. v. Dunn, 129 Okl. 211, 264 P. 194, 199, 57 A.L.R. 17.

Plaintiff argues that this rule is applicable only where a contractual relationship, such as mortgagee and mortgagor, exists. We do not agree. In Wilson Motor Co. **v.** Dunn, supra, Pierce-Arrow Finance Corporation brought an action against Dunn, and Wilson Motor Company, to whom the purchaser H. L. Cokes executed a mortgage, intervened. Dunn had acquired his lien from Cokes. Therein the Court stated:

"Here the intervener stands in the position of the plaintiff as successor to plaintiff's rights under their own theory. By its act the conversion occurred. The lien was extinguished—it no longer had any special interest in the property which entitled it to possession thereof. There was no contractual relation or obligations existing between Dunn, who took the property as a pledge from the mortgagor, and the mortgagee (plaintiff or intervener). There being no debt existing between them, surely then Dunn was entitled to a return of the property so wrongfully taken, or, in lieu of a return thereof, the value of the interest of the one rightfully entitled to possession."

In another part of the opinion it is stated:

"* * * In the case at bar there was no existing debt between Dunn and plaintiff or intervener. The debt may yet be owing pro tanto from Cokes. With that we are not concerned. Herein the lien was destroyed by conversion."

There being a conversion, defendant Richard McComas was entitled to a judgment for damages as rendered by the trial court.

The judgment is affirmed, and in accord with defendant's request therefor, judgment is hereby entered against plaintiff and National Surety Corporation, its surety on the supersedeas bond filed herein.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN and HALLEY, JJ., concur.

DAVISON and JACKSON, JJ., concur in result.