The FIRST NATIONAL BANK OF
ANCHORAGE, Appellant,

v.

Tom ZAWODNY, Appellee.

No. 4188.

Supreme Court of Alaska.

Nov. 30, 1979.

David A. Lawer, John R. Beard, Anchorage, for appellant.

John B. Patterson, John R. Strachan, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

PER CURIAM.

The issue in this case is whether a process server in possession of personal property by reason of a writ of attachment is subject to an action to recover the property brought by a third party claiming an interest superior to the lien of the attachment levy. We hold, in accordance with most authorities, that such an action will lie.[1] In so holding we are of course aware that usually the process server's interest will be merely that of a stakeholder. Our Civil Rules contain provisions which should be used by our courts to ensure that the real contestants in interest are before it,[2] and that a process server who has acted properly suffers no loss.[3]

The judgment is reversed.

1. See Sleeper v. Wilson, 266 Mich. 218, 253 N.W. 274 (1934); Oklahoma State Bank v. Reading, 176 Okl. 253, 55 P.2d 752 (1936); Commercial Credit Corp. v. Dusckett, 114 Vt. 450, 49 A.2d 106 (1946); Confidential Loan & Mortgage Co. v. Hardgrove, 259 Wis. 346, 48 N.W.2d 466 (1951). See also annot. 85 A.L.R. 668 (1933).

2. See Alaska R.Civ.P. 19 (Joinder of Persons Needed for Just Adjudication); Alaska R.Civ.P. 21 (Parties may be added by the court on its own initiative).

3. See, e. g., Alaska R.Civ.P. 88(f) and 89(g) (Court may require undertaking to indemnify the interest of process server). See also AS 09.40.310 which allows the process server to release the property unless the plaintiff indemnifies him against third party claims.