## JONATHAN BUGBEE *v.* STEVENS & BAGLEY.

*Lien.    Conditional   Sale.    Acts   of   1870,   No.   63,   and   1872,    No.   51,— Construed.    Notice.*

1. The record of a memorandum, witnessing a lien of personal property, under the Acts of 1870, No. 63, and 1872, No.*51, (R. L. s. 1992,) made *more than thirty days after* the delivery of the property, is not sufficient to charge a subsequent purchaser with *actual* or *constructive* notice.
2. *All such liens are invalid* against attaching creditors and subsequent purchasers, *without notice, unless recorded within the time prescribed by the statute.**

THIS case was heard on the report of a referee at the December Term, 1880, TAFT, J., presiding.    Judgment for the plaintiff. It was an action of trover for a wagon.    The plaintiff based his claim on the following writing:

" HARTFORD, May 20th, 1876.

" I have this day bought of J. Bugbee one open buggy wagon (new) for which I am to pay him one hundred and twenty-two dollars—one half in November next, and the balance (with interest annually on the whole sum from this date) in one year from this date, and the said Bugbee is to hold a lien on said buggy as security for said payments. And I also hereby sell and turn out to him my six-year old gray horse, one pair of steers, and two two-year old heifers, all which are now owned free and clear by me and are in my possession, and are hereby made the goods and chattels of said Bugbee, and, unless I pay him as aforesaid, are to be taken possession of by him or his assigns, and I am to keep them free of expense to him, until my title is redeemed.

ALPHEUS KIMPTON."

---

* That vague reports of strangers, or information given by disinterested persons, will not have the effect of notice to a purchaser, see Cen. L. J., August 19, 1881, p. 133 ; 2 Watts, 75 ; 1 Rawle, 386 ; 6 W. & S. 469.—REP.

The writing was recorded in the town clerk's office of Pomfret, where the vendee resided on the 31st day of July, 1876. The vendee took possession of the wagon on the said 20th of May, and for several months thereafter lived in Pomfret. He then moved, taking the wagon with him, into Hartford. He lived there till the spring or summer of 1878, when he again moved into Bradford, also taking the wagon with him, where he turned it out to the defendants, as security. Only $30 had been paid on the contract. One of the defendants had heard that there was a lien on the wagon, and before taking it, inquired of the said Kimpton if this was so, and he informed him that it was not; and also, on being asked, told the defendant that he was residing at Hartford, when he bought the wagon. Thereupon the defendants wrote to the town clerk of Hartford, inquiring if the records showed any lien on Kimpton's wagon; and he replied that they did not. The defendants took the wagon in good faith; and had no reason to suspect that it had not been bought in Hartford, as Kimpton stated. The above facts were reported by the referee.

*Samuel E. Pingree*, for the plaintiff, cited Law Reg. 13, 334; *Fairbanks* v. *Davis et al.*, 50 Vt. 251; 33 Vt. 252; *Blaisdell* v. *Stevens*, 16 Vt. 179; *Stafford* v. *Ballou*, 17 Vt. 329; 22 Vt. 274; *Stevens* v. *Goodnough*, 26 Vt. 284; 22 Vt. 137; 1 Swift Dig. 12, s. 3.

*John H. Watson*, for the defendant, cited *Stevens* v. *Brown*, 3 Vt. 420; *Dutton* v. *Ives*, 5 Mich, 515; 10 Am. Law Reg. 107; *Day* v. *Adams*, 42 Vt. 515; *Isham* v. *Bennington Iron Co.*, 19 Vt. 230; 24 Vt. 560; 2 Aik. 235.

The opinion of the court was delivered by

Ross, J. The writing of May 20, 1876, executed by Kimpton to the plaintiff, we think, discloses the fact that the sale of the wagon was conditional, and that a lien was reserved thereon until the price of the purchase should be paid. We also think, that the facts reported do not show that the defendants took the wagon charged with actual notice that a lien was reserved thereon to the

plaintiff; nor that they took it under such circumstances that they were put upon inquiry in regard to such lien, or as prudent men, were bound to inquire further than they did. The referee has found that, after making the inquiries, they "honestly believed that there was no lien on the wagon." Hence, it must be considered that they traded for the wagon without *actual* or *implied notice* of the plaintiff's lien thereon. The only other question for consideration is, whether the record of the contract, May 20, 1876, entered and made in the town clerk's office of the town of Pomfret July 31, 1876, in which town the vendee lived then and at the time of the conditional purchase of the wagon, can, under the statute requiring such liens to be good against subsequent purchasers and attaching creditors without notice to be in writing and recorded, be held to be constructive notice of such lien to the defendants. It is apparent from the language used that the legislature by act No. 63, of 1870, amended by No. 51, of the acts of 1872, intended that all such liens should be invalid against subsequent purchasers and attaching creditors, without notice, unless the vendor complied with the provisions of said acts. The language of both acts is: "No lien reserved on property sold conditionally and passing into the hands of the conditional purchaser shall be valid against attaching creditors, or subsequent purchasers without notice, unless," &c. The things required to be done by the ven dor are that he should "take a written memorandum signed by the purchaser, witnessing such lien and the sum due thereon," and cause it to be recorded in the town clerk's office of the town where the purchaser resides, if he resides in this State, and if not in this State, then in the town clerk's office of the town where the vendor resides. The act declares: "And in all cases such record shall be made within thirty days after such property shall be delivered." It is contended by the plaintiff, that although the record be not made within the thirty days, it is constructive notice to attaching creditors and subsequent purchasers, who attach or purchase after the record is actually made. The statute requires that the record be made within thirty days after the conditional purchase as peremptorily as it requires that the lien and the sum due, shall be evidenced by a

contract in writing, signed by the purchaser; and the court might as well construe the act to mean that the latter might be done at a time other than the time of the sale, as that the former may be effectually done after the expiration of the thirty days. It has always been considered that upholding such conditional sales infringed considerably upon the common-law rule that possession of personal property is evidence of its ownership. It clothed the purchaser with apparent ownership, and so often furnished him with the means of obtaining a false credit; and was sometimes, doubtless, used by the dishonest debtor to cover up his property, and, by secrete trusts, to place it beyond the reach of his creditors; attaching creditors and subsequent purchasers were also frequently involved in litigation with prior conditional vendors.

Whatever may have been the evils intended to be reached by the passage of the acts named, it is apparent the legislature intended that such sales should be invalid against such creditors and purchasers, unless the provisions of the act were complied with. No analogy exists between such records in regard to furnishing constructive notice, and records of the title of real estate, nor can the rules applicable to the latter be invoked in favor of the former. The title to real estate passes by deed, will, levy of execution, or other instruments in writing, which are required to be recorded in a particular place for each separate political subdivision of the State, where all, interested in any portion of the real estate of such sub-division, can examine and ascertain its condition. Hence, it is reasonable to hold that such records are constructive notice of their contents to whomsoever may be interested therein or affected thereby. On the other hand, the title to personal property passes by delivery of possession; and no one would think of examining the town clerk's office to ascertain its ownership, excepting so far as the statute under consideration operates to render such records serviceable to that end. Real estate is fixed, while personal property passes from place to place with its possessor. It is a somewhat harsh application of the doctrine of constructive notice to hold that a *bona fide* purchaser, residing in Derby, for example, there making a purchase of personal property from a conditional vendee, who has the property

Bugbee v. Stevens & Bagley.

then in his possession, shall be affected by the record of a conditional lien thereon arising out of a sale made and recorded in the town of Bennington several years before the time of his purchase. Such purchaser frequently would be wholly unable to ascertain except from his vendor from whom he obtained his title and possession, or where to inquire or search for the record of a conditional lien thereon. Moreover, if he knew where his vendor was residing when he obtained possession of the property, he might faithfully search the records of the town clerk's office of that town, and finding no lien recorded, conclude the purchase or attachment, and yet be wholly defeated in obtaining title to the property, if the conditional vendor could, after such search, and after the thirty days had elapsed, but before the purchase was concluded, place the written memorandum witnessing the lien on record, and have it operate as constructive notice of its contents from the very moment it was filed in the town clerk's office for record. We are aware that it has been the generally entertained opinion of many of the profession that such written memoranda, though not recorded within the thirty days, as required by the statute, could be placed upon record by conditional vendors at any time after the thirty days, and such records would be effectual to preserve the liens against attachments or purchases made without notice, subsequently to such recording. But such is not the plain, unequivocal language of the statute. If it was the purpose of the legislature to preserve such liens if recorded at any time before a purchaser or attaching creditor had intervened, it would have been very easy and natural, to have framed the statute so as clearly to express that purpose. It would savor of judicial legislation for this court to construe the statute in such a way as to allow the record to have effect to protect such lien, when made beyond the thirty days, in which the statute declares such records shall be made.

The judgment of the County Court is reversed, and judgment rendered for the defendants to recover their costs.