NATIONAL BANK OF BELLOWS FALLS & a.

*v.*

VERMONT PACKING COMPANY, INC., & a.

*William H. Watson* and *A. Luke J. Crispe* (*Mr. Crispe* orally), for the claimant.

*Murchie, Murchie & Blandin* (*Mr. Alexander Murchie* orally), for the defendants Charles S. and Eugene P. Cray.

BRANCH, J. We assume that by the first question transferred, the Superior Court seeks a decision upon the issue which appears to be decisive of the rights of the parties with reference to at least a portion of the property here involved, namely, whether the conditional sale agreement is "valid" so as to be binding upon the above named defendants, and that the general question of its "validity" in respect to other possible claimants is not of present importance.

It is the contention of the claimant that, as between the original parties thereto, the conditional sale contract was a binding agreement subject to no legal infirmity; that the receivers stood in no better position than the packing company, and hence that the conveyance of the remaining receiver to Eugene P. Cray was subject to the claimant's lien. On behalf of the above named defendant it is asserted that the receivers stood in the position of attaching creditors and that as against them the conditional sale agreement was not effective because of the failure to record it in Vermont.

As between the claimant and the packing company, it cannot be doubted that the conditional sale contract was a binding and enforceable agreement. "An unrecorded contract is everywhere recognized as valid between the original parties, . . . and it necessarily follows that it is binding upon the assignee who holds by equal right with the vendee." Jones, Chattel Mortgages and Conditional Sales, §1131.

The answer to the question whether the receivers took any greater rights than the original vendee had, involves the solution of a subsidiary problem, *i.e.* by what law is the effect of the conditional sale agreement to be determined?

It should be observed that the question is essentially one of property law rather than of contract—not whether the parties made a binding agreement, but whether title was effectively retained by the seller. 2 Beale, Conflict of Laws 1001-2. The fact upon which the parties agree that "delivery of the goods was made to said Vermont Packing Company, Inc., at said Bellows Falls, Vermont" is decisive of this question.

The decisions of this court clearly recognize the soundness of the principle stated by Professor Beale as follows: "Title to a chattel passes according to the law of the place where the chattel was at the time of the transaction by which it is claimed that the title was passed." 2 Beale, Conflict of Laws, 981. *Baribault* v. *Robertson*, 82 N. H. 297; *Davis* v. *Osgood*, 69 N. H. 427; *Dorntee Casket Co.* v. *Gunnison*, 69 N. H. 297; *Cleveland Machine Works* v. *Lang*, 67 N. H. 348.

As a corollary of this proposition it follows that "If, by the terms of the agreement of a conditional sale, the chattel is to be delivered by the vendor to the vendee in another state before the transaction is complete, the law of the state where the transaction is completed by delivery to the vendee and not that of the state where the transaction is initiated by the contract determines whether or not the vendor retains title to the chattel." Restatement of Conflict of Laws, *s.* 272, Comment *c.* With reference to the facts of another case the rule was concisely stated in *Columbus Merchandise Co.* v. *Kline,* 248 Fed. 296, as follows: "As the property was delivered in Ohio, for sale in that state, the Ohio statute as to conditional sales controls."

It therefore follows that the effect of the conditional sale agreement in the present case was governed by the statute of Vermont which provided as follows: "A lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall not be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum, signed by the purchaser, witnessing such lien, and the sum due thereon, and causes it to be recorded in the office of the clerk of the town where the purchaser of such property resides, if he resides in the state, otherwise in the office of the clerk of the town where the vendor resides, within thirty days after such property is delivered . . . " Vermont Laws 1925, No. 48.

From the foregoing provision it is plain that the receivers could not successfully contest the validity of the contract here involved unless they occupied the position either of "attaching creditors" or "subsequent purchasers without notice." Upon this point there is a serious split of authority in other jurisdictions (see Jones; Chattel Mortgages and Conditional Sales, §1128) but by the prior decisions of this court we are committed to the view, which seems to be supported by the weight of authority, that "A receiver takes possession of the property . . . subject to all the liens and equities which existed at the time it was taken over by the receiver. He does not take over any more title than the person, firm or corporation had." 1 Clark, Receivers, §496; *Goudie* v. *Company,* 81 N. H. 88, 94; *Bellows Falls Co.* v. *Company,* 89 N. H. 551.

From the foregoing conclusions it follows that the conditional sale contract was binding upon the receivers, and is equally binding upon the defendant Eugene P. Cray, who claims under them. The first question transferred by the Superior Court is, therefore, answered in the affirmative.

In view of the agreed facts the answer to the second question cannot be regarded as doubtful. It is evident that the machines listed in Defendant's Exhibit 5 cannot be removed without substantial physical damage to the freehold, and under these circumstances by the prevailing common-law rule they are to be regarded as part of the realty and not subject to removal. *Langdon* v. *Buchanan*, 62 N. H. 657, 660; *Detroit Steel Co.* v. *Company*, 233 U. S. 712; 48 Harv. L. Rev. 858; 88 A. L. R. 1324. The decision in *Cochran* v. *Flint*, 57 N. H. 514 proceeded upon the assumption that the machines there involved could be removed "without destruction or material injury to the building." *Ib.* 542.

Section 66 of the Uniform Conditional Sales Act also makes "material injury to the freehold" the test of removability. *Central Lithograph Co.* v. *Company*, 316 Pa. St. 312; *Harvard Financial Co.* v. *Company*, 261 N. Y. 169; 83 U. of Penna. L. R. 916.

The second question transferred by the Superior Court is therefore answered in the affirmative.

*Case discharged.*

All concurred.