COMMERCIAL CREDIT CORPORATION *v.* MICHAEL J. DUSCKETT.

May Term, 1946.

Present: MOULTON, C. J., SHERBURNE and STURTEVANT, JJ. and CLEARY and ADAMS, Supr. JJ.

Opinion filed October 1, 1946.

*Lawrence & O'Brien* for the defendant.

*Clayton H. Kinney* and *Stanley L. Burns* for the plaintiff.

MOULTON,.C. J. This is an action in tort for the conversion of an automobile. Trial below was without a jury, and judgment was for the plaintiff. The defendant has brought the cause here on exceptions.

The material facts as shown by the findings of the trial court are these. On August 30, 1941, Howard J. Burke and Harold F. Burke, doing business as Burke's Garage and Service Station, sold the automobile in question to Roland Lambert. Lambert, on the same day, signed and delivered to the Burkes a written memo-

randum (plaintiff's exhibit 6) which acknowledged the purchase and delivery of the automobile, identified it by make, model, serial and motor numbers, recited that the sum of $359.28 was to be paid in eighteen monthly installments of $19.96 each, beginning one month from the date of the sale, and provided as follows: "Title to the above described vehicle, together with all equipment and accessories already thereon or hereafter added, remains and shall continue in Seller or assigns until the full purchase price is paid in cash, as provided herein and in accordance with a promissory note and agreement executed contemporaneously herewith. If any deferred payments are not made or if I/we shall be otherwise in default, Seller or assigns or representative may take possession of said vehicle and all accessories thereon." On the same day Lambert executed and delivered to the Burkes another written instrument, entitled "Conditional Sale Agreement," (Plaintiff's exhibit 5) which contained essentially the same provisions, and referred to the same automobile as Exhibit 6 with the addition to an agreement that "said note or contract may be negotiated or assigned," and that "said note is a negotiable instrument separate and apart from this contract." On the same day the Burkes assigned their interest in exhibit 5 and to the automobile referred to therein to the plaintiff, by written assignment attached thereto. No written assignment was attached to Exhibit 6.

On September 4, 1941, the defendant, who was at all material times a duly appointed deputy sheriff, attached the automobile as the property of Lambert, in a civil action brought against the latter by Forrest Graves, and took the car into his possession. Exhibit 6 was recorded in the office of the clerk of the town in which Lambert resided on September 12th. Exhibit 5 was not recorded. The action brought against Lambert resulted in judgment for Graves, and execution was issued, and levied by the defendant, who sold the automobile on execution sale on December 3. At no time did he give notice of attachment or levy either to the Burkes or to the plaintiff herein. No tender of the amount due under Exhibit 5 or Exhibit 6 was ever made by anyone to the plaintiff or to Burke's Garage. On the date of the attachment the market value of the automobile was less than $359.28, and no installment had been paid; on the date of the execution sale the fair market value of the automobile was $200.

■ The defendant's claim that the conditional sale agreement was never recorded is without merit. P. L. 2705, as amended by No. 51, Acts of 1937, provides that: "A lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall not be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum signed by the purchaser, witnessing such lien and the sum due thereon, and causes it to be recorded in the office of the clerk of the town where the purchaser of the property then resides, if he resides in the state, otherwise in the office of the clerk of the town where the vendor resides, within thirty days after such property is delivered. . . . ." It is true that Exhibit 5, which is entitled "Conditional Sale Agreement," was never recorded. But Exhibit 6, which was recorded within the statutory limit of time, fulfills the requirements of the law. It is signed by the purchaser, it recites the amount due, and manner of payment, provides that title to the automobile shall remain in the seller or assigns until the full purchase price is paid, and contains a stipulation that, on default in payment, the seller or their assigns or representatives may take possession of the vehicle. P. L. 2705, as amended, does not prescribe the exact form for a conditional sale agreement, but merely prescribes its necessary elements. All these appear in Exhibit 6. Written instruments of like content have consistently been held to be conditional sale agreements. *Grow* v. *Washburn,* 95 Vt 370, 373, 115 A 226; *Town of Grand Isle* v. *McGowan,* 88 Vt 140, 144, 92 A 6; *Lavalley* v. *Ravenna,* 78 Vt 152, 154-5, 62 A 47, 2 ALRNS 97, 112 Am St Rep 898, 6 Ann Cas 684; *Whitcomb* v. *Woodworth,* 54 Vt 544, 547.

■■ According to P. L. 1865, "In sales of personal property, where by the contract payment of the purchase money is made a condition precedent to the transfer of title, if the property in pursuance of the contract has passed into the possession of the vendee and the purchase money or part thereof remains unpaid, a creditor of the vendee may attach or levy his execution upon the property, and, upon payment or tender of such unpaid purchase money to the vendor, his agent or attorney, within ten days after notice of the amount thereof remaining unpaid, may hold the property discharged from the claim of such vendor." This statute has come down without material change, so far as the present case

is concerned, since the passage of § 1, No. 12, Acts of 1854. It later became G. S. § 28,.Chap. 33. In this enactment it was the intention of the Legislature to protect the rights of the conditional vendor. *Fales* v. *Roberts*, 38 Vt 503, 508. Where the memorandum of sale is seasonably recorded the attaching creditor has no right to hold the property as against the vendor otherwise than by payment or tender of the amount due; there is imposed upon him the obligation of compliance with the provisions of the statute, and he must do this at his peril if he is to obtain any benefit from his attachment. *Towner* v. *Bliss,* 51 Vt 59, 61; *Duncan* v. *Stone,* 45 Vt 118, 123; *Fales* v. *Roberts,* 38 Vt 503, 506, 509; *Hefflin* v. *Bell,* 30 Vt 134, 138. And see, concerning the construction of a similar act, P. L. 1863, *Reed* v. *Witham,* 107 Vt 482, 486, 181 A 129; *Bean* v. *Cotton,* 99 Vt 45, 49, 130 A 580. After default of payment or tender the officer who holds the property or attachment, or who sells it at execution sale, is a trespasser without any justification to stand upon and is liable by reason of his unlawful taking. *Duncan* v. *Stone, supra.*

█ It is true that the memorandum (exhibit 6) was not on record at the time of attachment. But this did not affect the rights of the vendor, since it was recorded within thirty days after the delivery of the property to the vendee. We construe P. L. 2705, since as we have seen, it is for the benefit of the vendor, to mean that the general property in the object of the sale, is in him from the date of the transaction, but subject to loss as against an attaching creditor of the vendee, if the memorandum is not recorded within the time set by the statute. It is unreasonable to suppose that the Legislature intended to deprive the vendor of the protection of the act if a creditor of the vendee should attach the property within thirty days after delivery of the property and before the memorandum had been placed on record in the appropriate town clerk's office.

█ The record of Exhibit 6, having been seasonably made, operated from that time as constructive notice of the rights of the vendor to the attaching creditor of the vendee. *Bean* v. *Parker,* 89 Vt 532, 540, 96 A 17. It was the law's substitute for, and the equivalent of, actual notice, and was binding upon the creditor, whether or not he in fact knew of it. *Finance and Guaranty Co.* v. *Defiance Motor Truck Co.,* 145 Md 94, 125 A 585, 587; *In re Lorch's*

*Estate*, 284 Pa 500, 131 A 381, 383, 42 ALR 922; 39 Am Jur p. 236. It was, moreover, notice of the unpaid balance on the conditional sale, because this sum was stated in the memorandum, and it also appeared on its face that the first installment was not due when the instrument was recorded. The creditor was, therefore, in the eye of the law possessed of all the information necessary in order to make the requisite payment or tender. *Towner* v. *Bliss*, 51 Vt 59, 61. His failure to do one or the other of these things within ten days from the date of the notice rendered the attachment unavailing.

■ The defendant argues that the plaintiff cannot maintain this action, because the vendor's assignment to it was of Exhibit 5, which was not recorded and is claimed to be the conditional sale agreement. A conditional vendor can sell his interest in the property sold, subject to the rights of the vendee, which he does not disturb, in the same manner in which one may sell his interest in any other property. *Loverin* v. *Wedge*, 102 Vt 138, 142, 146 A 248; *Nye* v. *Daniels*, 75 Vt 81, 84, 53 A 150. There is no statutory requirement that the instrument of sale shall be recorded. The written assignment attached to Exhibit 5, which included all the vendor's right, title and interest to the same automobile that was conditionally sold by Exhibit 6, operated to transfer the property to the plaintiff. The record, although it did not mention the plaintiff in connection with the property, was enough to put the attaching creditor upon inquiry, and he was charged with whatever knowledge he might have obtained thereby, in the same manner as a creditor who seeks to attach property which he supposes to belong to his debtor but finds in the possession of a third person is put upon inquiry and charged with knowledge. *Whitcomb* v. *Woodworth*, 54 Vt 544, 548; *Flanagan* v. *Wood*, 33 Vt 332, 337.

■■ The defendant also claims that, in any event, the action does not lie against him, but against the sheriff of the county, under P. L. 3400, which provides that: "Action for official misfeasance or neglect of a deputy sheriff, or for cause affecting his administration of the office, shall be sustained only against the sheriff. . . . ." But this statute affords him no refuge. His conduct is something more than the improper doing of an act which he might lawfully do, which is the definition of a misfeasance. 2 Bouvier, Law Dict. (Rawles' 3rd revision) 2224. It is more than the nonfeasance or

negligence that appeared in *Buck* v. *Ashley*, 37 Vt 475, 477, and *Hale* v. *Huntley*, 21 Vt 147, 151-2. As we have seen since there was a default in payment or tender of the amount unpaid on the contract, the defendant was without justification in holding the automobile on attachment, or selling it on execution sale, and became a trespasser as against the plaintiff. His conduct was wholly outside the mandate of the writ or the execution, which constitute no protection to him. *Lyman* v. *Holmes*, 88 Vt 431, 432-3, 92 A 829. And, indeed, the conditional vendee had no attachable interest in the automobile, for, although he had acquired a special property therein (*Vermont Acceptance Corp'n.* v. *Wiltshire*, 103 Vt 219, 224, 153 A 199, 73 ALR 792; *Loverin* v. *Wedge*, 102 Vt 138, 142, 146 A 248), the value of the car was less than the amount of the unpaid purchase price, both at the time of the attachment and at the time of the execution sale. *Reed* v. *Witham*, 107 Vt 482, 486, 181 A 129; *Humphrey* v. *Wheeler*, 92 Vt 47, 49, 101 A 1018. An attaching creditor must obtain his title through the vendee, and can obtain no other title or right than that which the vendee has in the property. *Armington* v. *Houston*, 38 Vt 448, 450, 91 Am Dec 366.

All questions raised by the defendant's brief have been considered, and, although not specifically mentioned, are answered by what has been said in this opinion. No error appears.

*Judgment affirmed.*