## FIFTH THIRD UNION TRUST CO. v. KENNEDY.

### No. 69, Docket 21778.

United States Court of Appeals Second Circuit.

Argued Nov. 9, 1950.

Decided Dec. 6, 1950.

834

Bolles & Bolles, Bellows Falls, Vt., Saul M. Greenberg, Cincinnati, Ohio, Irwin A. Rhodes, Linn K. Twinem, New York City, for appellant.

Joseph F. Radigan, Rutland, Vt., David W. Kahn, William M. Kahn, New York City, of counsel, for appellee.

Before AUGUSTUS N. HAND, CHASE and CLARK, Circuit Judges.

CHASE, Circuit Judge.

This appeal is from an order denying a petition to reclaim from a trustee in bankruptcy personal property sold and delivered to the bankrupt under a conditional sales contract. The petitioner-appellant sought to show an enforceable vendor's lien which the court held invalid because the contract was not recorded as required by state law.

J. G. Baldwin & Co., Inc. a New York corporation having its principal office and only place of business in Rockingham, Vt., was adjudicated a bankrupt on April 28, 1949 and appellee Kennedy is its duly appointed and qualified trustee.

On May 24, 1948, the Hydraulic Press Manufacturing Company, an Ohio corporation, delivered to the bankrupt at Rockingham a compression moulding press which it had sold to it under the terms of a conditional sales contract which the buyer and seller signed on April 2, 1948 and which was on the same day validly assigned to the appellant. This conditional sales contract was not recorded until August 21, 1948 when it, together with the assignment of it, was recorded in the office of the clerk of the Town of Rockingham.

When the purchaser was adjudicated a bankrupt there was a substantial amount due and owing on the contract. Subsequently the trustee's petition for leave to sell the property of the bankrupt was granted and it, including this press, was sold, the proceeds being held subject to any lien on the property.

Since 1870 the statutes of Vermont have provided for the recording of conditional sales contracts. This has thus been made a condition precedent to the preservation of any lien reserved by them, as against attaching creditors or subsequent purchasers without notice, upon personal property delivered to the buyer. The statute here applicable is § 2775 of the Vermont Statutes and provides that the vendor shall take "a written memorandum witnessing such lien, the sum due thereon and signed by the purchaser" and cause it "to be recorded within thirty days after such property is delivered, in the office of the clerk of the town where the purchaser of such property then resides, if he resides in the state, otherwise in the office of the clerk of the town where the vendor resides."

In 1881 the Supreme Court of Vermont held that this statute should be strictly construed to limit the time within which recording is effective to the thirty days as stated, Bugbee v. Stevens, 53 Vt. 389, and that has not been changed. Cf. Commercial Credit Corp. v. Dusckett, 114 Vt. 450, 451, 49 A.2d 106. The belated recording of the contract was not a compliance with the statute even though the recording was in the right place.

The appellant argues, however, that since both the purchaser and the vendor were corporations foreign to Vermont, there was no place in that state where either resides; no place where the contract could have been recorded as the statute required and so it should be held inapplicable. This would, so the appellant insists, make the law as it was before the statutory change in 1870 applicable to conditional sales contracts between non-residents and under that law the asserted lien would be valid.

It is true that before the statute became effective an unrecorded vendor's lien, created in good faith, was valid not only between the parties but as to attaching creditors and subsequent purchasers. Singer Manufacturing Co. v. Nash, 70 Vt. 434, 41 A. 429; Armington v. Houston, 38 Vt. 448. But when this was changed by statute as above stated it is doubtful that the legislature of Vermont intended to permit non-residents to create valid vendor's liens just as before and to curtail that right only as to residents. Indeed, that is so hard to believe that, in the absence of an authoritative decision of the Vermont courts to such effect, we must reject it.

The trial judge dealt with this argument well by pointing out that sometimes a corporation is said to have a commercial domicile outside the state of its incorporation, as where it so does business that it has a business situs for tax purposes. First Bank Stock Corporation v. Minnesota, 301 U.S. 234, 237, 57 S.Ct. 677, 81 L.Ed. 1061. He then held that the bankrupt had such a commercial domicile in Rockingham and that it resided there within the meaning of that word as used in the above mentioned Vermont statute. We certainly have no quarrel with that sensible construction of the statute and, since the Supreme Court of Vermont has said nothing to the contrary, we approve it.

 It is well settled that no lien will be enforced in bankruptcy proceedings unless there is a lien under state law. Moore v. Bay, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133. As this conditional sales contract must be treated under Vermont law as though it had never been recorded, it is clear that it has no validity as against one who is shown to be in the position of such an attaching creditor as the statute means.

The remaining question is whether this appellee does have the standing of an attaching creditor within the meaning of § 2775, V. S. The rule in Vermont is that an attaching creditor, who would avoid a vendor's lien because the contract was not recorded as the above statute requires, has the burden of showing that the attachment was made without knowledge of the existence of the vendor's lien. Singer Mfg. Co. v. Nash, 70 Vt. 434, 41 A. 429.

This appellee, however, is not actually an attaching creditor but a hypothetical one. He has that status by virtue of § 70, sub. c, of the Bankruptcy Act, 11 U.S.C.A. § 110, sub. c. And it is federal law which controls in this respect. Commercial Credit Co., Inc., v. Davidson, 5 Cir., 112 F.2d 54. He has, moreover, not only the status of an attaching creditor but that of one without notice of an unrecorded prior lien. Taplinger v. Northwestern Nat. Bank, 3 Cir., 101 F. 2d 274; Cooper Grocery Co. v. Park, 5 Cir., 218 F. 42; Industrial Finance Corp. v. Capplemann, 4 Cir., 284 F. 8; Collier on Bankruptcy, 14 Ed. §§ 70.53, 70.49. As this advantage comes to him by virtue of the Act, he starts in the same position to defeat an unrecorded vendor's lien that an attaching creditor in Vermont attains by discharging his burden to prove his lack of notice of the lien. Whether any creditor of the bankrupt did have notice is irrelevant. Hoffman v. Cream-O-Products, 2 Cir., 180 F.2d 649.

Judgment affirmed.