## Boston Law Book Company v. Everett L. Hathorn et als

[127 A2d 120]

October Term, 1956.

Present: Jeffords, C. J., Cleary, Adams, Hulburd and Holden, JJ.

Opinion Filed November 7, 1956.

*Louis A. Perkins* for defendants Boudro and Dodge.

*Fitts & Olson* for the plaintiff.

**Holden, J.** The plaintiff Boston Law Book Company, a Delaware corporation with office at Boston, Massachusetts, instituted this proceeding in the court of chancery for Windsor County for declaratory relief under Chapter 77 Vermont Statutes Revision of 1947 seeking a declaration of title paramount to that of the defendants to certain law books conditionally sold by the plaintiff to the defendant Hathorn. Hathorn failed to appear, and as to him the plaintiff's bill was taken as confessed. The defendants Boudro and Dodge appeared, answered the complaint, and agreed with the plaintiff to the material facts. Hearing was had on the agreed facts, and findings made by the Chancellor were filed and accepted.

The facts thus found establish that the defendant Hathorn, an attorney resident and practicing at Windsor in this State, undertook to purchase from the plaintiff, law books designated by title as the Atlantic Reporter and the Vermont Atlantic Digest. Purchase was by way of a written conditional sales

agreement, signed by the vendee and dated at Windsor March 12, 1945. By its terms, title was reserved in the vendor until the monthly payments provided were accomplished. Shipment of the Atlantic Reporter and Vermont Digest was made to the defendant Hathorn at Windsor. The memorandum of this conditional sales agreement has not been recorded in Vermont.

On April 28, 1948 the defendant Hathorn signed the following memorandum at Windsor, Vermont, entitled MERGER CONTRACT. "Ship to me the books listed, freight paid, for which I agree to pay you

| | | |
|---|---|---:|
| *New Shipment* 1 72 Corpus Juris and Annos to 1948 | | $186.00 |
| 1-54 C.J.S. 1948 P.P. | | 540.00 |
| & sub to future vols @ $10. per Vol | | |
| | | 726.00 |
| *Unpaid Balance on purchase price of* Atl. Reporter & Atl. Digest | | |
| OS | | 362.00 |
| | 5/18/48 | |
| | | $1,088.00 |

Terms: $15.00 per month beginning June 15, 1948 without interest except on overdue installments.

This contract is subject to approval by vendor, who retains title to said books until paid.

| | |
|---|---|
| Witnessed | Signed Everett L. Hathorn/s/ |
| F. G. Barry /s/ | Address 74 Main St. |
| | City Windsor State Vt." |

The memorandum was received by the plaintiff at Boston on May 1, 1948. It was approved by the plaintiff about May 18, 1948 and the books specified as Corpus Juris and C.J.S. were shipped by the plaintiff by mail or common carrier from Boston or St. Paul, Minnesota the following week. The memorandum of April 28, 1948 was received for record by the Town Clerk of Windsor and recorded on March 30, 1953.

The defendant Hathorn has failed to pay the amount due under the agreement, and there is presently due a balance of

$1220.70 together with future interest on overdue installments from February 14, 1955.

In an action of contract brought by the defendant Dodge against the defendant Hathorn, the law books specified Corpus Juris, Corpus Juris Secundum, Corpus Juris Annotations, Atlantic Reporter, Atlantic Reporter, Second Series and Atlantic Reporter Digest were attached. Judgment was obtained against the defendant Hathorn upon which execution issued. The subject law books were taken by the defendant Boudro in his capacity as deputy sheriff but sale of the property was enjoined in this cause.

The agreed facts further set forth that the laws of the Commonwealth of Massachusetts "do not require that a conditional sale of law books be recorded in any place in order for the lien of the seller of the conditionally sold goods to be preserved against subsequent attaching creditors of the vendee."

A decree predicated on these facts adjudged the title to the law books taken on execution at the suit of Dodge is now and remains in the plaintiff Boston Law Book Co. The decree enjoins the defendants Dodge and Boudro from levying execution, making sale or in any way interfering with this property of the plaintiff. To the decree thus founded, the defendants Dodge and Boudro brought this appeal on the single exception that the decree was not warranted by the findings made.

■ The heading by which the final conditional sales agreement was designated indicates that the parties intended the contract of March 12, 1945 to become superseded by the subsequent merger agreement of April 28, 1948, and the two contracts thereby became merged. 78 CJS., Sales, §565 at page 274; and see *Babcock & Russell* v. *Hawkins*, 23 Vt 561, 564.

On the subject of conditional vendor's liens, our statutory law provides by V. S. 47, §2775: "A lien reserved on personal property sold conditionally and passing into the hands of the conditional purchaser shall not be valid against attaching creditors or subsequent purchasers without notice, unless the vendor of such property takes a written memorandum witnessing such lien, the sum due thereon and signed by the purchaser, and causes the same to be recorded within thirty days after

such property is delivered, in the office of the clerk of the town where the purchaser then resides, if he resides in the state, otherwise in the office of the clerk of the town where the vendor resides, * * * "

The findings upon which the decree was made are silent on the subject of actual notice on the part of the defendants Dodge and Boudro, and no facts appear from which an inference of actual notice by the attaching creditor can be made. Although a construction is afforded to agreed statement of facts against the excepting party, *Toussaint* v. *Stone*, 116 Vt. 425, 427, 77 A2d 824; *Grand Lodge*, etc. v. *Burlington*, 104 Vt 515, 517, 162 A 368; the construction must be reasonable and cannot provide positive findings of fact not incorporated in the facts agreed upon. *St. Albans Hospital* v. *City of St. Albans*, 107 Vt 59, 62, 176 A 302.

The record of the plaintiff's lien accomplished nearly five years subsequent to the expiration of thirty days after the last delivery of the subject law books to the conditional purchaser affords no constructive notice to attaching creditors. *Bugbee* v. *Stevens and Bagley*, 53 Vt 389, 391. Therefore the defendant Dodge stands on this appeal as an attaching creditor without notice. This status presents a question of conflict of laws that compels a choice of the law of the Commonwealth of Massachusetts as found by the chancellor or the statutory law of this State. Application of the law of Massachusetts thus found, will have the effect of affording immunity to the law books from attachment at the suit of the defendant Dodge. On the other hand, if the law of Vermont controls, the failure of the plaintiff conditional vendor to comply with V. S. 47, §2775 renders the plaintiff's title to the subject property inferior to the lien of the attaching creditor Dodge.

The plaintiff contends that in this conflict the answer to the legal question propounded is made and found in *Barrett* v. *Kelley*, 66 Vt 515, 29 A 809, and places determinant reliance on this authority. In that cause, the title of the plaintiff to the property of one Swett was predicated on insolvency proceedings that effected a transfer of the insolvent Swett's property to the plaintiff assignee. The plaintiff's effort to take possession of a

safe conditionally sold to the insolvent was prevented by the defendant Kelley, acting for the conditional vendor who took the property and caused it to be returned to the vendor at Boston on the day the plaintiff sought possession. By the contract of conditional sale there in issue, the insolvent vendee directed an order to E. C. Morris & Co. of Boston, the seller, specifying the safe be shipped from Boston, and providing that the safe was to remain the property of the seller until paid for. The order was solicited by the vendor's salesman, subject to approval by E. C. Morris & Co., and stated "This order and agreement, when accepted by E. C. Morris & Co. in Boston shall take effect as a contract made and executed in Massachusetts." Shipment of the safe pursuant to the order was made to the vendee in Vermont where it remained in the vendee's possession until taken by the defendant and returned to the seller. The Court framed the legal question there to be "whether the contract for the sale of the safe which was made in Massachusetts, and the safe, which by the laws of that state was exempt from attachment and execution by the creditors of Swett, and from insolvency proceedings against him, became subject to the laws of this state in regard to attachment, execution and insolvency proceedings, the same as they would have been if the property had been in the state and the contract for its conditional sale had been made here?" The Court resolved the question thus framed in this language "On the authority of *Cobb* v. *Buswell,* 37 Vt 337, where the question was fully considered by the court, it must be held, that the rights of E. C. Morris & Co. to the safe and, by comity of law, will be fixed by the contract under the laws of Massachusetts where the safe was and the contract in regard to its conditional sale was made."

The facts recited in *Barrett* v. *Kelley* and the facts before us now bespeak several distinctions. The sales agreement provided that the law of Massachusetts would prevail. The subject property was removed from Vermont by the vendee before possession was taken by the insolvent's assignee. Although a statute requiring record of conditional sales liens was in effect, R. L. §1992, no reference was made to the statute and it apparently was not before the Court.

Beyond these points of departure, more compelling reasons question the authority of *Barrett* v. *Kelley*. By its very language, the foundation of the Barrett case rests on *Cobb* v. *Buswell*, 37 Vt 337 and "comity of law." Our examination of this foundation finds neither footing of sufficient strength to control disposition of this appeal.

*Cobb* v. *Buswell* held, prior to the enactment of the predecessor to V. S. 47, §2713 requiring the record of chattel mortgages located here, that a chattel mortgage duly executed by residents of New Hampshire, on personal property having a situs there, and recorded according to the law of that jurisdiction, was entitled to priority to subsequent attachments made in Vermont while the mortgagor was engaged with the mortgaged property in employment here. The Court, with reason, pointed out, at page 340, "In determining which law shall govern, the domicile of the contracting parties at the time of the contract, the place of the contract and the situs of the property at the time of the contract, are all to be considered." However, the facts upon which the rule thus established was brought to bear, are distinctly without analogy to those underlying either the Barrett case or the cause that confronts us here.

█ The disposition of the Barrett case was, in its own words, by comity, yet the plaintiff advocates its doctrine to be binding authority to control the adjudication of this cause. The application of comity does not rise to the effect of establishing an imperative rule of law. It has the power to "persuade but not command". It must yield where the established legislative policy of the state of the forum indicates to its courts a different rule. A rule of comity does not require a court to give effect to the law of another jurisdiction in conflict with its own. *In Re Dennis' Estate*, 98 Vt 424, 426, 129 A 166. *Brown, Admr.* v. *Perry*, 104 Vt 66, 72, 156 A 910, 77 ALR 1294. *Mast, Foos, & Co.* v. *Stover Manufacturing Co.*, 177 US 485, 488, 20 S Ct 708, 44 L Ed 857, 858. In these cases comity is afforded only the stature of a rule of practice, convenience and expediency. At stake in this proceeding are property rights. The disposition of these rights should not turn on considerations expedient or

convenient, merely, if sound principles of law can be brought into focus to point the course we should follow.

■ The plaintiff contends that the conditional sales contract in issue is a Massachusetts contract. The place of a contract has been regarded as that place where the last act essential to its completion was done. *Bishop & Co.* v. *Thompson*, 99 Vt 17, 21, 130 A 701. The approval of the contract by the plaintiff at Boston was not necessarily an act of sufficient importance to establish the place of the contract there. Such an acceptance of a conditional sales contract has been regarded as an unimportant formality. See *Stevenson* v. *Lima Locomotive Works*, 180 Tenn 137, 172 SW2d 812, 148 ALR 370. Even between the parties, in making a choice of law, the doctrine that the place of the contract shall govern has been modified. In cases presenting a choice of law of a particular jurisdiction, where the contract contains no explicit provision that it is to be governed by some particular law the courts "examine all the points of contact which the contract has with the two or more jurisdictions involved to determine the 'center of gravity' of the contract, or of that aspect of the contract immediately before the Court; and when they have identified the jurisdiction with which the matter at hand is predominantly identified or most intimately concerned, they conclude that this is the proper law of the contract which the parties presumably had in view at the time of contracting" Magruder, C. J. in *Jansson* v. *Swedish American Line*, 185 F2d 212, 218, 30 ALR2d 1385, 1395.

Here we are not concerned merely with the rights of the immediate parties to the conditional sale agreement, but with the rights of an attaching creditor of one of the parties to the property that was the subject of the sales contract. In our judgment the question developed is essentially one of property rather than contract. It is not whether the parties made a binding contract but rather whether the vendor has effectively retained its title to the subject property against attachment by creditors of the vendee. *National Bank of Bellows Falls* v. *Vermont Packing Co.*, 90 NH 232, 6 A2d 176; 2 Buell, Conflict of Laws 977, 1001-1003.

■ By settled principles of conflict of laws, the validity of

a transfer of property brought into a jurisdiction is governed by the law of the situs of the state to which the property was thus removed. 11 Am Jur Conflict of Laws §66; *U. S.* v. *Guaranty Trust Co.,* 293 US 340, 345, 55 S Ct 221, 79 L Ed 415. And the rule is particularly applicable to the person causing the property to be located in that jurisdiction. *U. S.* v. *Guaranty Trust Co. supra.* Our Court has held that a chattel mortgage on personal property situated in New Hampshire, to be valid, must be executed in accord with the law of New Hampshire even though the execution of the mortgage was accomplished in Vermont. *Sherman* v. *Estey Organ Co.,* 69 Vt. 355, 357, 38 A 70.

■ ■ The contract upon which the plaintiff's title is founded concerns property that was already here at the time of the agreement, and property that was to be shipped here directly, for use in Vermont. The contract had its inception at Windsor. The situs of those law books not already at this location on the date of the execution of the contract, was directly fixed here by the affirmative acts of the plaintiff in making shipment to this destination. The only act explicitly referable to the Commonwealth of Massachusetts was the incident of approval by the plaintiff there. The absence of a record requirement in Massachusetts, a jurisdiction only remotely connected to the transaction, cannot afford immunity to the subject of the contract contrary to clear and established law of the state where the situs of the property was fixed by the parties. To give such extraterritorial power to the law of Massachusetts would extend the doctrine of comity to limits unrealistic in fact and unsound in law. Conceding, without actual decision on the point, that the sale was made in Massachusetts, such fact will not control the choice of law in this cause. The compelling weight of authority declares that although a sale is made in one state, the intention of both vendor and vendee that the property be immediately shipped to another jurisdiction and there have its operation, settles the conflict of laws in the state where the property is thus located, as against levying creditors of the buyer or bona fide purchasers from him. Although the contract, where made, is valid without recording, it will not be given

effect in the state to which the property is sent, contrary to the law of that state requiring that all such contracts be recorded to render them valid against subsequent purchasers and attaching creditors without notice. 78 CJS Sales §568 b. ; 11 Am Jur, Conflict of Laws §78; Restatement, Conflict of Laws §§272, 276; annotations in 148 ALR 384, 13 ALR 2d 1333. Such is the established doctrine of many cases including *Hervey* v. *Rhode Island Locomotive Works*, 93 US 664, 23 L Ed 1003; *Beggs* v. *Bartel*, 73 Conn 132, 46 A 874; *Craig & Co.* v. *Lucas Paper Board Co.*, 104 Conn 559, 133 A 673; see also, *Ford Motor Co.* v. *National Bond & Investment Co.*, 294 Ill App 585, 14 NE2d 306, 311.

We regard the clear intent of the vendor and vendee that the law books were to have their situs in Vermont, where the conditional sales agreement was to have its beneficial operation, to be of critical and controlling importance. By the definite location of the property in this jurisdiction, the plaintiff subjected its title to the protection of our laws. Concurrently, it subjected its title to such rights as might accrue to third persons should the plaintiff vendor neglect to comply with the unequivocal mandate of the statutory law applicable.

V. S. 47, §2775 requiring the record of the written memorandum of sale within the thirty day period after delivery was enacted to protect the conditional seller. It afforded protection absolute, without record, for the thirty days next after delivery. *Commercial Credit Corporation* v. *Dusckett*, 114 Vt 450, 454, 49 A2d 106.

Failure to record within that time subjected the property to the hazard of loss at the suit of attaching creditors. *Bugbee* v. *Stevens & Bagley*, supra, 53 Vt at 391.

The conditional sales agreement upon which the plaintiff's title is founded was not recorded pursuant to V. S. 47, §2775. By that statute, it cannot stand against the attaching creditor Dodge. The declaratory decree and injunction order are not supported by the facts found.

*Decree reversed as to the defendants Boudro and Dodge. Cause remanded for final disposition in accordance with the views herein expressed.*