## Auto Owners Finance Co., Inc. v. Henry W. Rock

[151 A2d 292]

March Term, 1959.

Present: **Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.**

Opinion Filed May 5, 1959.

*Joseph S. Wool* and *Saul L. Agel* for the defendant.

*Edmunds, Austin & Wick* for the plaintiff.

**Smith, J.**  This is an action in tort brought for the conversion of a motor vehicle.  The case is here on the exceptions of the defendant to the actions of the trial court in the admission of evidence in directing a verdict for the plaintiff and for the failure of the lower court to grant the motion of the defendant for a verdict directed in his favor at the close of all the evidence.

A knowledge of the facts in the case, which are virtually undisputed, is necessary for the proper determination of the questions here presented.

The plaintiff in this action, Auto Owners Finance Company, Inc., is a Massachusetts corporation engaged in the business of buying conditional sales contracts from automobile dealers, and handling the collections due under such contracts. Its office and principal place of business is located in Chelsea, Massachusetts.  The defendant, Henry W. Rock, is a resident of Burlington, Vermont, and is in business in that city under the name of Burlington Used Car Exchange.

. At some undisclosed time one Angelo De Patto, a resident of Chelsea, Mass., ordered a Cadillac automobile, from Murray Motors, Inc., also of the same Massachusetts city, and signed a buyer's order for the car. This automobile was received by Angelo De Patto on January 18, 1956, and on that date he acknowledged the receipt of a Cadillac 1954 Coupe, Serial Number 546204461, in a conditional sales contract of the same date entered into between himself and Murray Motors, Inc.

Under the terms of this conditional sales contract the payments due were to be made by Angelo De Patto to the plaintiff in this action, Auto Owners Finance Company, Inc. The contract also provided that the seller, Murray Motors, Inc., would assign the conditional sales contract, and its title to the motor vehicle, to the plaintiff corporation, and such assignment was made on the contract on the same date as the signing of the contract.

This conditional sales contract, with the usual thoroughness of such documents in covering all possible contingencies, provided that title to the motor vehicle would remain in the seller, or its assignee, until the payments due under the terms of the contract were completed, and that any default in payment gave the right to the owner, or assignee, to take the car into immediate possession with the right to sell the same. Another provision in the conditional sales contract was that the automobile could not be removed from the state, nor sold, without the consent of the owner while the contract was in effect.

On May 2, 1956, by Transfer Agreement, executed by Angelo De Patto to his father, Samuel De Patto, and approved by the plaintiff corporation through the signature of its Assistant Treasurer, B. F. Smith, Angelo De Patto transferred all right, title and interest that he had to the Cadillac Coupe, Motor Number 546204461 to Samuel De Patto. And the senior De Patto, by virtue of the transfer agreement, assumed all and the same obligations that his son had undertaken under the original conditional sales contract. On this same date, May 2, 1956, the transferee, Samuel De Patto, registered the Cadillac Coupe in his name, with the Registry of Motor Vehicles of Massachusetts.

Payments were not made on this conditional sales contract in January of 1958, and the plaintiff made a demand upon Samuel De Patto for payment but no payments were received on the balance then due which was $2420. The plaintiff made attempts to locate the Cadillac Coupe but was unable to find it, and has not had this car in its possession since the default in payments.

When the plaintiff was able to trace the missing automobile it found that the trail led to Burlington, Vermont. Angelo De Patto, who had transferred away all his interest in the Cadillac Coupe in the Transfer Agreement of May, 1956 offered the motor vehicle for sale to the defendant on February 1, 1957 in Burlington. The defendant, after being shown a Massachusetts registration in Angelo's name on such automobile, and a purported receipt in full on the face of a copy of the original buyer's order, bought the Cadillac Coupe, Serial Number 546204461, from the younger De Patto. Some two weeks later the defendant, Henry W. Rock, sold the same motor vehicle to an undisclosed purchaser.

The questions presented here for our determination on the exceptions of the defendant which have been briefed are four in number.

The defendant claims an error on the part of the lower court in admitting in evidence the Massachusetts conditional sales contract upon which, the defendant says, the plaintiff must base his title to the motor vehicle. The evidence disclosed that one Barton F. Smith, an officer of the plaintiff corporation, testified that the sales contract had been purchased by the plaintiff from the Murray Motors, Inc. Under cross examination he testified that he had not been present when the conditional sales contract had been signed by the signatory parties, but that he had become familiar with the signatures of those parties at a later date and believed that the signature of Angelo De Patto on the conditional sales contract was genuine.

It is the defendant's contention that the admission of the conditional sales contract, under this testimony, was a violation of the hearsay rule in regard to written documents.

█ It is true that the best evidence of the execution of a document is that of a subscribing witness, if they, or either of them can be had. *Harding* v. *Cragie*, 8 Vt 501 at 507. However, the subscribing witnesses to this conditional sales contract were all residents of another state, nor were they present at the trial of this cause. It is not error to allow the execution of an instrument to be proved by other than the subscribing witnesses when there is no proof that they were in the state. *Sherman* v. *The Champlain Transportation Co.*, 31 Vt 162 at 175. And when an attestation is not necessary to the operative effect of the instrument, proof of the handwriting of a witness who cannot be produced may be dispensed with and the paper be received in evidence upon proof of the hand of the contracting party. *Sanborn* v. *Cole*, 63 Vt 590 at 593, 22 A 716, 14 LRA 208. As the defendant concedes in his brief the next best testimony to that of an actual witness to the execution of a contract is that of a witness who has seen the parties whose writing is in controversy actually write, or who has had access to writing of such persons so as to impress its character upon his mind, for comparison with other writings alleged to have been made by the same person. 32 CJS, Evidence, §738, p. 653. The transfer agreement, which was received in evidence without objection on the part of the defendant, and which was also received as evidence of title in this plaintiff, was signed by both Angelo De Patto and Samuel De Patto as well as by the witness, Barton F. Smith, whose testimony is objected to here by the defendant. The witness Smith had seen both of the De Pattos sign the transfer agreement, and had the opportunity to impress the character of their writing upon his mind. We find no error on the part of the trial court in allowing the conditional sales contract to be received in evidence.

The second question presented by the defendant to this Court, under his briefed exceptions, is upon the admission in evidence of the testimony of William Mikell, an attorney admitted to both the bars of Massachusetts and Vermont, relative to the lack of any statute requiring the recording of a conditional vendor's lien in Massachusetts. Mr. Mikell testified to the fact that there was no such recording statute in

Massachusetts at the time that the conditional sales contract in evidence was executed.

It is the contention of the defendant that the provisions of V. S. 47, §1760, should have been followed by the plaintiff in proving the law of the foreign jurisdiction. V. S. 47, §1760, provides: "The statutes, laws and decisions of another state may be evidenced, prima facie, in the courts of this state by a printed copy thereof, which purports to be published by the authority of such other state, or which is kept in the state library in Montpelier. The determination of such laws shall be made by the court and not by the jury and shall be reviewable."

█ The testimony of the witness, Mikell, was not directed to the proof of the statute of another state. His testimony was to the contrary, that is, that no such statute had been enacted. And it is difficult to see how the plaintiff could have followed the provision of V. S. 47, §1760, providing for the offering of a statute, when in fact there was no statute to offer. But, if the section of the Vermont Statutes relied upon had been pertinent, it has long been the law in this jurisdiction that the testimony of a witness who swears to his acquaintance with the statute of another state is abundantly sufficient to prove the same. *Danforth and Brownell* v. *Reynolds*, 1 Vt 259 at 265; *Jenness* v. *Simpson*, 84 Vt 127 at 143, 78 A 886 and see *General Motors Acceptance Corp.* v. *Silsby*, 108 Vt 375, 187 A 525.

The third question presented to us is the defendant's exceptions to the denial of the trial court of the motions by the defendant for a verdict directed in his favor at the close of the plaintiff's evidence, and, again, at the close of all the evidence in the case. The same grounds were advanced on each motion so they may be considered together.

The first ground set forth by the defendant on the refusal of the court to grant his motions, is the failure of the plaintiff to set up in his pleadings the Massachusetts statute relative to the recording of conditional liens, upon which, the defendant claims, the claim of the plaintiff is founded. But, as we already have seen, there was no statute on this subject matter to be set

up. And the plaintiff was not relying upon a statute of this nature for his recovery.

· The last ground set forth by the defendant on his claim that the trial court was in error in refusing to grant his motions for a verdict directed in his favor is his contention that the rule of comity should not have been applied in this case. And this, the defendant says, is because the plaintiff here did not record his lien on the motor vehicle in Vermont under the provisions of V. S. 47, §2775. He cites the case of *Boston Law Book Company* v. *Hathorn,* 119 Vt 416 at 423, 424, 127 A2d 120, 126, as authority for his proposition.

It is necessary for us to briefly state the essential facts in the *Boston Law Book Company* v. *Hathorn* case to make a distinction from the case at hand. In the above mentioned case the book company was seeking to maintain a lien on the law books which had been sold to the defendant, and which had been attached in Vermont by a third party. The court found that the law book company, a Massachusetts corporation, had agreed with the buyer of the books that they might be kept in Vermont, the residence of the buyer. And that the conditional sales contract, under which the seller sought to maintain his lien in Vermont, had its beneficial operation in this state. The facts that the books were kept in Vermont with the permission of the seller and that the conditional sales conract had its beneficial operation in this state were, as stated by Justice Holden, "of critical and controlling importance" in the court's decision that the plaintiff's failure to record the conditional sales contract under the provisions of V. S. 47, §2775, subjected the property to the hazard of loss at the suit of attaching creditors.

The facts in the instant case are quit different. The conditional sales contract here was made between residents of Massachusetts. The assignee of the contract, this plaintiff, was and is a resident of Massachuetts. The vendee, Angelo De Patto, and his father, to whom he transferred his interest in the subject of the conditional sales contract, were both residents of Massachusetts. And the Cadillac automobile, which is the subject of the claimed conversion, was not to

be removed from Massachusetts without the consent of this plaintiff. Such consent was never given.

The provisions of V. S. 47, §2775, relative to the recording liens reserved conditionally on personal property provide that such liens shall be recorded "in the office of the clerk of the town where the purchaser of such property then resides, if he resides in the state, otherwise in the office of the clerk of the town where the vendor resides."

■ Here the domicile of the contracting parties, the place of the contract, and the situs of the property were all in Massachusetts. The plaintiff's lien being valid in Massachusetts was valid in Vermont. 78 CJS 281; *Cobb* v. *Buswell*, 37 Vt 334 at 340.

■ The motion of the defendant for a verdict directed in his favor at the close of the plaintiff's evidence was waived by his proceeding with the case and introducing evidence and we need not consider it. *Croteau* v. *Allbee*, 117 Vt 332, at 334, 91 A2d 803.

The motion of the defendant for a verdict directed in his favor at the close of all of the evidence in the case was properly denied.

Finally, the defendant having cited the same reasons for his exceptions to the direction of the verdict for the plaintiff by the trial court as he advanced in his objections to the trial court's refusal to direct a verdict for the defendant it follows that the directed verdict for the plaintiff by the court must also be sustained.

*Judgment affirmed.*